Malone *vs.* The State.

## MALONE *vs.* THE STATE OF GEORGIA.

1. The charges excepted to in this case were not unfounded on evidence, and the charge as a whole was a fair and correct exposition of the law of the case.
2. Under the rulings previously made by this court there was no error in the charge that "the jury are the exclusive judges of the evidence and the credibility of witnesses; the court delivers to you the law, and endeavors to deliver it to you correctly, and you can safely follow the guidance of the court when advising you touching the law."
   Speer, J., concurred *dubitante.*
3. Though a section of the charge as set out in the motion for new trial may be open to criticism, yet if when taken in connection with its context there be no error, a new trial will not be granted.

v 66—34

Criminal law. Charge of court. New trial. Before Judge HILLYER. Fulton Superior Court. October Term, 1880.

Reported in the decision.

L. J. GARTRELL; FRANK L. HARALSON, for plaintiff in error.

B. H. HILL, Jr., solicitor general, for the state.

SPEER, Justice.

William Malone, plaintiff in error, was charged with the offense of assault with intent to murder one Anthony Randall, on the twenty-first day of September, 1880, in the county of Fulton. On being arraigned and placed upon trial, he was, under the evidence and charge of the court, found guilty. He made a motion for a new trial,

(1). Because the verdict is contrary to law.

(2). Because the verdict is contrary to evidence and without evidence to support it.

(3). Because the court erred in charging the jury, as follows : " But if the proof should satisfy you that the prosecutor's wife and the prisoner had had criminal intercourse the one with the other, and this came to the knowledge of the husband, or he had reasonable suspicion of it, and at the beginning or a previous part of such intimacy he had seen proper to condone the offense and be again friendly with the prisoner, under promise or warning that it would not again be repeated, and if, after that, the prisoner violated that obligation, or the prosecutor had reasonable cause to believe that he was violating it, or seeking to violate it, and to continue or renew such criminal intimacy, then it would be proper and right for him to warn the prisoner not to do so, and even to menace him with condign consequences if he did not desist."

(4). Because the court erred in charging the jury, "And if the prosecutor's wife was going from her house to the prisoner's house for the purpose of visiting him against the prosecutor's wish and consent, and for the purpose of prosecuting or furthering criminal intimacy with the prisoner, then it would be the right of the prosecutor under the law, to pursue his wife and to overtake her before reaching the prisoner's house, and to use any amount of force reasonably necessary, to prevent his wife from going there, and so long as he used no more force than was reasonably necessary to accomplish such purpose, neither the prisoner nor any one else would have the right to interfere or prevent the husband from asserting and maintaining his marital authority."

(5). Because the court erred in charging the jury, "That if you should be satisfied that the prisoner neither had been nor really was the paramour of prosecutor's wife, it would have to appear clearly and distinctly that there was an actual necessity for him to interfere before he would be justified in doing so, and if he did interfere without such actual necessity, the husband would have the right to defend his wife or himself against his interference, and if that interference was for the purpose of advancing criminal intimacy, to use any amount of force, even extending to taking life itself, if the same became absolutely necessary to defend himself or to defend his wife's virtue against such attempts."

(6). Because the court charged, "If there was no real necessity for the shooting, or if that necessity was of his own creation, either by his first attacking the prosecutor, or by his invading the prosecutor's marital rights, then he would not be justified in shooting."

(7). "The jury are the exclusive judges of the evidence and the credibility of the witnesses. The court delivers to you the law, and endeavors to deliver it to you correctly, and you can safely follow the guidance of the court when advising you touching the law."

(8). Because the court erred in charging touching the prisoner's statement, as follows: " The prisoner makes his statement to you, not under oath. You have the right to give it just such weight as you think right to give it. You judge of it in the light of reason, justice and common sense. He is under no penalty to speak the truth, like a witness who testifies under oath."

1. We have most carefully and critically examined the testimony submitted on the trial of this cause to determine whether it justified the instructions given to the jury by the court, in the 3d, 4th, 5th, 6th and 8th grounds, as above set forth in the motion for a new trial, in connection with the charges excepted to; we have also examined with care the whole charge as contained in the record, and are satisfied that there was not only evidence sufficient upon which to rest those portions of the charge excepted to, but that the whole charge (embracing the portions excepted to) was a clear and practical application of the law to the testimony submitted on the trial, and we find no error in the law of the case as thus submitted by the court.

2. As to the seventh ground of the motion in which the court charged, " That the jury are the exclusive judges of the evidence and the credibility of witnesses. The court delivers to you the law and endeavors to deliver it to you correctly, and that you could safely follow the guidance of the court, when advising you touching the law." The same seems to be consistent with the more recent rulings of this court on this subject, and yet, speaking for myself, I am free to confess, did I not feel bound by the decisions of this court more recently uttered, I would not regard the instruction as fully in harmony with either the spirit or letter of the law, not only as set forth in 4646th section of the Code, but more recently incorporated in paragraph 1st, section 2d, article 1st of the Constitution of 1877.

That paragraph imperatively declares, " In all criminal cases the jury shall be the judges of the law and fact."

The fair, just and reasonable interpretation given to these words, in the earlier decisions of this court, are somewhat modified by utterances from the same tribunal of a more recent period. While I would regard it as a high and solemn duty on the part of the court to submit, in all criminal cases, its views of the law applicable to the cause on trial, yet, at the same time, I think the jury should be informed that the fundamental and imperative rule makes them in such cases, "the judges both of the law as thus delivered and facts of the case," and while, as the judge well said in this case to the jury, they "might safely follow the guidance of the court when advising you touching the law," yet, with equal propriety, he might have added, "you are, however, in this, as in all criminal cases, made the judges both of the law as given you in charge and the facts submitted in evidence."

3. As to the ground of error assigned to the judge's charge on the prisoner's statement, the criticism (if it was subject to one), we think, fully met by other portions of his charge on this subject which accorded to defendant his full rights under the law touching his statement..

On a careful review, therefore, of the facts in this case taken in connection with the charge of the court, we are satisfied the verdict is sustained both by the law and facts, and we see no error in the court in overruling the motion for a new trial.

Let the judgment below be affirmed.