## HUNT *vs.* THE STATE OF GEORGIA.

1. According to repeated rulings of this court, whilst juries are judges of the law as well as the facts, in criminal cases, they accept the law as laid down and expounded to them by the presiding judge.

2. If in the given case the law authorizes the jury to infer guilt from certain enumerated facts, the presiding judge may tell them so in his charge. Legal authority to make an inference does not imply a requirement, legal or logical, that it shall be made.

3. The guilt of the accused being certain if the main witness for the State was credible, and there being evidence for and against his credibility, there is no want of sufficiency in the evidence to warrant the verdict.

4. One hundred dollars fine, or the alternative of five months work, is not excessive punishment for an act of fornication by a young woman whose condition, pecuniary or physical, is not shown to be special or peculiar.

5. Newly discovered evidence going merely to the credit of a witness, even of a sole witness, is not cause for a new trial.

6. One witness who certainly knew whether the alleged criminal intercourse took place, was neither introduced by the accused nor accounted for. This may have had weight with the jury, as the

non-production of evidence apparently in one's power is frequently a circumstance of more or less significance.

April 18, 1888.

Criminal law. Jury and jurors. Charge of court. Evidence. Verdict. Punishment. Witness. Before Judge VAN EPPS. City court of Atlanta. September term, 1887.

Reported in the decision.

ARNOLD & ARNOLD, GARTRELL & LADSON and L. W. THOMAS, for plaintiff in error.

H. C. GLENN, solicitor city court, for the State.

BLECKLEY, Chief Justice.

Mary L. Hunt was charged, in the city court of Atlanta, with the offence of a misdemeanor, consisting in the commission of a single act of fornication with a married man, whose name was G. W. Gardner, called in the argument "Doctor" Gardner. The jury found the prisoner guilty. The judge sentenced her, at first, to pay a fine of $250, or serve on the public works for twelve months; this sentence was subsequently changed to a fine of $100, with an alternative service of five months on the public works.

A motion was made for a new trial, upon several grounds; one of which is, that the court erred in directing the jury to take the law from the court, telling them that while they were the judges of the law and the facts, they should take the law as expounded by the court. That this charge was correct had been held in several cases. *Hill vs. The State,* 64 *Ga.* 453 ; *Robinson vs. The State,* 66 *Ga.* 517; *Malone vs. The State,* 66 *Ga.* 539.

2. The court also charged the jury : " If you believe

from the evidence [certain enumerated facts, specifying them,] you would be authorized, in the absence of evidence rebutting such inference, to conclude from these circumstances that the defendant was guilty of the offence charged against her." The exception to this charge is, that it invaded the function of the jury, and offered them assistance in drawing a mere inference which belongs to the logical instead of to the legal order. Upon a question of sexual intercourse the experience and sagacity of jurors might very well be trusted to run the general logic of the case; but we do not think that the terms made use of by the court in this instruction invaded their function. To tell the jury that they were authorized, meant, when properly construed, that the law would be satisfied if they were; not that the law would compel them or bind them so to reason; not that they were to draw the inference unless they felt satisfied beyond a reasonable doubt that the reasoning was correct, but that the law would authorize them to draw that inference from the given premises; and this is certainly true. It would not be contrary to law to draw it; and construed in this way, the charge is sound. *Kinnebrew vs. The State*, 80 *Ga.* 232, and cases cited. The present is unlike the case of *Ells vs. The State*, 20 *Ga.* 438, in two particulars: first, the enumerated facts in this case are very much more potent; and, secondly, the judge in that case instructed the jury that they were bound to infer guilt. Here the instruction was simply that they were authorized to infer it.

3. The verdict is complained of because contrary to the evidence, to the weight of evidence, and without evidence to support it. There was but one single questionable matter, and that was, whether the witness, Washington Cobb, was credible. If he testified truly,

the conviction was proper ; if he testified falsely, there was no evidence to convict upon. His credit was attacked, and it was supported. Some witnesses testified that he was entitled to credit, and some that he was not; the jury must have credited him; they could not possibly have found this verdict without deciding that Washington Cobb was a credible witness in the case; and if he was a credible witness, there was evidence, and sufficient evidence.

4. It is complained that the punishment is excessive. It does not appear to be so. There is nothing in the record to show us why this party, if she is guilty, should not pay a fine of $100, or serve five months upon the public works; there is nothing about her ability to pay, nor anything else in the record on this subject. She is a young woman about eighteen years of age; and if there can be any punishment at all, we do not see why there might not be this much.

5. Another ground is newly discovered evidence; which consists in declarations by Washington Cobb, a part of them certainly made after this trial, and the rest of them made we cannot tell when. They are all of no significance whatever, except as going to discredit the witness; they are admissions made by him that he was paid to aid in this prosecution and give his evidence. The rule is well fixed that no new trial can be granted for newly discovered evidence which merely tends to discredit a witness. How can we then interfere in this case consistently with law and with a purpose to do things here according to law ? We purpose to administer law from this bench, and if we cannot relieve parties legally, we do not purpose to do it at all.

6. If the fact of intercourse was not true, there was one person who knew it, and he was a competent witness. Dr. Gardner was not introduced, nor was his

absence accounted for.    And this might have affected the jury, because it is a rule that where it is apparently in the power of a party to prove a fact, and the evidence is not introduced, it goes somewhat to the substance of the case; the omission to introduce evidence is frequently a matter of more or less significance.

Judgment affirmed.