Levining *vs.* The State of Georgia.

---

No. 77.—JOHN LEVINING, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

[1.] It is a sound and well settled rule, that a new trial will not be granted on the ground of newly discovered testimony, if the only object of the evidence be to impeach the character or credit of a witness.

[2.] Where one has been convicted of a crime, on false testimony, and witnesses have subsequently been discovered, who can prove that testimony false, it is better that redress should be sought in Executive clemency, than that the Court by granting a new trial should violate a general rule essential to the pure and certain administration of justice.

Indictment for simple larceny, in Lee Superior Court. Motion for a new trial, decided by Judge TAYLOR, May Term, 1852.

At the May Term, 1852, of Lee Superior Court, Joshua Levining was tried and convicted of stealing a cow, the property of one Alfred Kersey. On the trial, Riley Jackson was introduced and sworn on the part of the State, and stated "that he was present when Kersey came and saw the hide of

the cow lying in the shuck-pen at the house of defendant, and he knew that it was Kersey's cow-hide. The cow used about the defendant's up to the time it was missed. Witness had frequently heard defendant say that it was Kersey's cow; defendant sold the beef, after he had killed the cow, to Calvin Levining."

The Jury having returned a verdict of guilty, counsel for defendant moved the Court for a new trial, upon the ground, that since the trial of said cause, the defendant has discovered that, by the evidence of Elbert Pernell and Nancy Deuman, he could and would have been able to have impeached the evidence of Riley Jackson, and the effect thereof wholly destroyed before the Jury," and in support of the motion submitted the affidavits of Elbert Pernell and Nancy Deuman, each of whom swore, that before the trial Riley Jackson stated to them, that he "knew nothing about the case of the State against Joshua Levining, concerning the stealing of a heifer, and wished to have nothing to do with it, and could not understand why he was subpœnaed;" that Jackson also stated, that "he would not swear that the heifer belonged to Kersey for a world of dollars."

On hearing the motion, the Judge then presiding granted a rule *ni si.* At the November Term, 1852, Judge *Taylor* heard the argument on said motion, and refused to grant the new trial.

To which decision counsel for defendant excepted.

LYON & CLARK, for plaintiff in error.

HAWKINS, for defendant in error.

*By the Court.*—STARNES, J. delivering the opinion.

[1.] We see no good reason in the record why we should depart from that sound and settled rule, that a new trial will not be granted on the ground of newly discovered testimony,

if the only object of the evidence be to impeach the credit or character of a witness.

. Numerous decisions in England and in this country, avouch this as a correct and wholesome rule., This Court has affirmed it in the case of *Berry vs. The State of Georgia,* (10 *Ga. R.* 511,) where many of the cases-referred to are cited, and should not now disturb it, though the case presented involves the individual hardship so feelingly depicted by the counsel.

[2.] If it be true, that an innocent man has been convicted upon. false testimony, and witnesses have since been discovered, who can prove that testimony false, the victim is not without a remedy, potent to break his bonds, and free his character from stain.

Such a case presented to the Executive, will, without doubt, successfully appeal to the power with which the Constitution clothes that officer, and speedily invoke that pardoning clemency for the sufferer, which, whilst it carries with it a remedy for his wrongs, will insure justice to his character and memory.

It is better that to this efficient tribunal we should commend such a case of individual hardship, than by granting a new trial, violate one of those general rules, so essential to the pure and certain administration of justice.

Let the judgment be affirmed.