Young *vs.* The State of Georgia.

SQUIRE YOUNG, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. The identity of the perpetrator of the offense is for the jury, and the evidence in this case was sufficient.

2. Evidence known to the prisoner at his trial is not newly discovered, though not known to his counsel until afterwards.

3. Newly discovered evidence, even if not strictly cumulative, may be of no higher value than cumulative evidence; since producing a first witness to a new fact may be equal, simply, to producing a second witness to an old fact of the like character.

4. Newly discovered evidence is not favored as a ground for new trial. Greatly increased caution is needed now, since promiscuous affidavits are known to be less trustworthy than formerly. Courts are not obliged to grant a new trial for newly discovered evidence unless they are reasonably convinced that on another trial there would probably be a different verdict. As a means of promoting such conviction in the judicial mind, it would be an advantageous practice to let it appear in the record not only who the new witness is, but where he resides, what is his character, and who are some of his associates or acquaintances. Affidavits to his character and credibility would be profitable.

Criminal law. New trial. Newly discovered evidence. Before Judge HOPKINS. Fulton Superior Court. October Term, 1875.

Reported in the opinion.

WRIGHT & HILL, for plaintiff in error.

JOHN T. GLENN, solicitor general, for the state.

BLECKLEY, Judge.

1. This case turned on the identification of the prisoner as the person who stole and rode off the horse. The evidence shows that he was recognized with tolerable certainty by three witnesses. One of them saw him catch the animal, tie, mount, and ride off. Another saw him upon the roadside with the animal hitched near him. Another, seeing him run through the woods on foot, pursued and caught him. This was in the neighborhood of where the person riding, whoever

he was, had been seen by two other witnesses to dismount from the horse and escape into the woods to avoid capture. The jury believed that the prisoner's identity was sufficiently established to warrant them in finding him guilty, and we cannot say that they were mistaken. Even with the newly discovered evidence we cannot say that they ought, or that they probably would, find differently on another trial.

2. A part of the evidence called newly discovered is not so; the prisoner knew of it, and should have informed his counsel. We observe from the record that, though a colored person, and but fifteen years old, he had been to school and could write his name. He had intelligence enough to be chargeable with legal diligence in preparing for his defense.

3. The only evidence in the showing for a new trial which we can recognize as newly discovered, is that set out in the affidavit of Harrison Davis, which is simply a repetition of what was sworn to on the trial by one of the prisoner's witnesses, applied to another time and place, namely, that the prisoner was not the rider of the animal, and that the rider had a moustache. The witness examined testified to such a rider being seen on the animal in Davis street, and the new witness describes the same rider as passing the rolling mill. The only difference in the two statements is, that the former witness says nothing of side whiskers, and represents the man as old; whereas, the latter witness omits any reference to age, and mentions side whiskers as well as moustache. It may be that this new evidence is not strictly cumulative. The fact of the same rider passing the rolling mill on the horse is not the same as the fact of his passing through Davis street, and yet the whole value of both facts depends on one and the same thing, to-wit: the supposed identification of the rider as some person other than the prisoner. It is difficult to see how identifying him thus at two places by one witness at each, is any better than identifying him at one place by the same two witnesses. In the present case there is no reason to suppose that the prisoner had the horse at all, unless he had it from the time the larceny was committed until the horse was abandoned

in the road beyond the rolling mill, under the pressure of pursuit. This being so, would not what Davis professes to have seen, count for just as much if he had seen it in Davis street with the other witness? And had he seen it there it would undoubtedly have been cumulative. Then, whether cumulative or not, in a strict legal sense, it is of no more value than if it were cumulative. It amounts only to this, that with it the prisoner would have the support of two witnesses to the denial of his identity with the rider of the horse on the morning of the larceny, and without it he has the support of but one. He proved by one witness that *he* did not, but that a man with a moustache did, ride the horse off on that morning; he can now prove it by another witness, a witness that he did not then know of. This is the essence of the showing when reduced down to its naked probative elements.

4. It was early ruled by this court that newly discovered evidence was not a favored ground for new trial: 10 *Georgia Reports*, 512; 12 *Ibid.*, 500. If this ground was not favored then, how watchful of it should we be now? The incentives to caution have been multiplied within a few years past, tenfold, perhaps a hundred-fold. From causes that have become history, and that are known to us all, the value of affidavits taken promiscuously has come to be low indeed. Only the most credulous of men would habitually regard the contents of such affidavits as sufficient to overcome the verdict of a jury. And unless it is reasonably apparent to the judicial mind that the new facts would probably produce a different verdict, a new trial should not be ordered: 10 *Georgia Reports*, 512. To enable judges, and especially the supreme court, to enter into this question fully, something more is needed than is generally presented. It should be known, not only who the new witness is, but where he resides, what is his character, and who are some of his associates or the persons acquainted with him. He should be brought out, so to speak, and be exhibited in daylight. Affidavits should be adduced to his character and credibility. The fullness we recommend may be novel, but it is needful. Without further legislation,

it cannot be *exacted* of parties as matter of law; but as a means of convincing the judicial mind in favor of meritorious applications for new trials, and of guiding discretion where the law recognizes the right and the duty of caution, it will be found profitable.

In the present case a new trial is denied because we deem the verdict of the jury warranted by the evidence; and because we are unconvinced that the newly discovered evidence, even if it is not cumulative, would probably produce a different result if the prisoner were tried over. We do not mean that the case is free from all doubt; but we are willing to leave it where it was left by the jury, and by the judge who presided at the trial and on the motion for new trial.

Judgment affirmed.