JOSEPH P. ARWOOD, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. Though the witness sought to be impeached by newly discovered evidence was the only witness against the prisoner upon a vital point in the case, if the sole effect of the evidence would be to impeach the witness, a new trial will not be granted.
2. The evidence is sufficient to uphold the verdict.

New trial. Criminal law. Witness. Before Judge LESTER. Pickens Superior Court. April Term, 1877.

Report unnecessary.

H. P. BELL & SON; W. H. SIMMONS, for plaintiff in error.

THOMAS F. GREER, solicitor general, by FRANK HARALSON, for the state.

BLECKLEY, Judge.

1. The general rule is not controverted, that a new trial will not be granted to give opportunity to impeach a witness by newly discovered evidence; but it is urged that the rule is not applicable where the witness is an only one upon some vital point in the case. We find no such distinction recognized in the books. In 3 Johns., 255, the report states that the newly discovered evidence went to impeach the *material* witness for the prevailing party. The court, in refusing a new trial, held this language: "A verdict is never set aside to give the party an opportunity of impeaching the credit of witnesses sworn at a former trial. The evidence should be of some material fact which would induce the belief, that if proved to the jury, it would so far influence their minds as to produce a different verdict." The new evidence presented to us does not affirm any fact in respect to the alleged criminal transaction. What it affirms is, that the chief witness for the state made certain declarations before the trial, which are supposed to be, and perhaps are,

materially variant from important evidence which he gave to the court and jury at the trial. It is obvious that this new evidence would be admissible for a single purpose, namely, to discredit the witness. 10 *Ga.*, 513; 13 *Ib.*, 513; Hopkins' Penal Laws, 419.

2. We cannot find fault with the verdict. It was warranted by the evidence. Opprobious words cannot well justify a deadly combat, beginning in a blow with a pitchfork, and terminating in another stroke with the same implement, producing death; though, in the interval between the two blows, an urgent necessity arose for prosecuting the battle, or desisting and crying for quarter. The prisoner was the assailant, under provocation by words only, and showed little disposition to decline the combat. Code, §§4325, 4333. He was convicted of involuntary manslaughter in the commission of an unlawful act.

Judgment affirmed.