## STATE v. JOHN W. PAYNE.

*Criminal Law—Judge's Charge—Insanity.*

1. To establish an offence the state must prove an essential element beyond a reasonable doubt.

2. But where proof is offered in justification, &c., it is only necessary the jury should be *satisfied* that the matter is true.

3. Therefore the plea of insanity must be established to the satisfaction of the jury. And although it is error in the court to charge that the burden is upon the defendant to prove insanity by a preponderance of evidence, yet as the case shows it was not prejudicial to the defendant, a *venire de novo* will not be awarded.

(*State* v. *Haywood*, Phil., 376; *State* v. *Ellick*, Winst., 56; *State* v. *Willis*, 63 N. C., 26; *State* v. *Frank*, 5 Jones, 384, cited and approved.)

INDICTMENT for stealing a horse, tried at Spring Term, 1882, of BUNCOMBE Superior Court, before *Gilliam, J.*

The mare alleged to have been stolen was put in the stable of the prosecutor on the night of Saturday, the 15th of January, 1882. The defendant was that evening in the neighborhood within three miles of the house of the prosecutor, and on the next day at 10 o'clock he was seen alone riding the mare bare-back in the county of McDowell, forty miles distant from the house of prosecutor, offering to sell her, and when pursued left the mare and fled on foot.

The defendant offered evidence tending to prove that he was of unsound mind, and insisted by his counsel that if the act of felonious taking was proved, that he was not criminally responsible, and asked the court so to charge. The court charged the jury that in the absence of proof to the contrary every man was presumed to have that degree of capacity to be responsible for his acts, civil and criminal, and that the burden was upon the defendant to show by a preponderance of evidence that his was such a state of men-

39

tal weakness or mental disease, that he did not know the nature and quality of the act, and that it was wrong.

The defendant excepted to the charge, and appealed from the judgment pronounced upon the verdict against him.

*Attorney General*, for the State.
*Mr. J. H. Merrimon*, for defendant.

ASHE, J. . The error assigned consists in charging that the burden was upon the defendant to show by a *preponder-ance* of evidence that his was such a state of mental weakness or mental disease that he did not know the nature and quality of the act, and that it was wrong.

If His Honor, instead of charging the jury that the defendant must prove his defence in excuse of the crime charged, by a preponderance of evidence, had told them he must prove it to the *satisfaction* of the jury, his charge would have been in conformity to the most approved forms. *State* v. *Haywood*, Phil., 376. His Honor does not seem to have had his attention directed to the distinction between proof required to establish an offence, and that offered in justification, excuse, or mitigation. In the former case, the state is required to prove an essential element which must be established beyond a reasonable doubt; in the latter, it is only necessary that the jury should be *satisfied* that the matter in mitigation, justification, or excuse, is true. The doctrine of reasonable doubt never applies to the condemnation of a prisoner, but to his acquittal.

In *State* v. *Ellick*, 2 Winston, 56, which was an indictment for murder, PEARSON, C. J., said " the principle in which the doctrine of reasonable doubt as to the fact of homicide is grounded, is, that in *favor of life*; the fact that the *state* is required to establish must be proved beyond a reasonable doubt. It certainly would not be in favor of life to apply this doctrine to matter of mitigation, which the prisoner is

required to establish. Hence in regard to that, the rule is; the jury must be satisfied by the testimony that the matter offered in mitigation is true."

It is proper to state that His Honor's charge is fully sustained by the case of *Commonwealth* v. *York,* 9 Metcalf, 93, where it was held that "when there was any evidence tending to show excuse or mitigation, it is for the jury to draw the proper inferences of fact from the whole evidence, and to decide the fact, on which the excuse or extenuation depends, according to the preponderance of evidence." But in *State* v. *Willis,* 63 N. C., 26, Judge BATTLE, speaking for the court, said : "We prefer to stand *super antiquas vias,* and to adhere to the rules laid down in the *State* v. *Ellick,* above referred to. In that case, the erroneous statement which we have inadvertently made in the *State* v. *Peter Johnson,* that it was incumbent on the prisoner to establish the matters of excuse or extenuation, beyond a reasonable doubt, is corrected. In it, is also corrected what we consider as erroneous, in the decision of the *Commonwealth* v. *York,* that matters of excuse or extenuation which the prisoner is to prove must be decided according to the preponderance of evidence. It is more correct to say, as we think, that they must be proved to the satisfaction of the jury."

His Honor's charge was certainly much more favorable to the defendant than if he had followed the rule laid down by Judge BATTLE, for evidence might be submitted to a jury when there is a preponderance in favor of the one party, and yet fail to satisfy the jury. In such a case the jury would not be justified in finding a verdict in favor of him in whose favor the weight of evidence is found.

But here, the state does not appeal. It makes no complaint. It is the appeal of the defendant. He has not been prejudiced by the charge, and though there may be error "when the error complained of in the judge's charge is in

no degree prejudicial to the defendant," it is held to be no ground for a *venire de novo. State* v. *Frank,* 5 Jones, 384.

Upon this view of the case, we must hold there is no error. Let this be certified to the superior court of Buncombe that further proceedings may be had according to law.

No error.                             Affirmed.