[No. 10,692.—In Bank.]
August 21, 1882.

## THE PEOPLE *v.* GEORGE M. MESSERSMITH.

HOMICIDE—INSTRUCTION—INSANITY—BURDEN OF PROOF—PREPONDERANCE OF EVIDENCE.—Where a person accused of crime relies on the defense of insanity he is bound to establish it by such a preponderance of evidence that if the question were submitted to a jury in a civil case they would find him insane.

ID.—ID.—PROVINCE OF COURT—JURY—ASSUMPTION OF FACT.—It is error for a Court to assume the existence of a fact which is not in evidence or which is to be determined by the jury on evidence, however slight, or on a conflict of evidence. The jury are the exclusive judges of the credibility of witnesses, the weight of testimony and of the facts established and the presumptions of fact deducible from them.

ID.—ID.—ID.—ID.—ID.—Such an instruction, however, if otherwise unobjectionable, is not erroneous if the fact which is assumed in it is one not controverted by the evidence.

ID.—ID.—ID.—ID.—PRESUMPTION OF LAW AND FACT.—Where a Court unqualifiedly tells the jury as a matter of law, that an assumed fact does not prove a fact in dispute, it is error. Such a charge should not be given when it is necessary to draw an inference of fact; an inference of fact, where it does not arise as a presumption of law, must be drawn by the jury, whose duty it is to pass upon the sufficiency, or insufficiency of the evidence.

ID.—ID.—ID.—ID.—ID.—The Court therefore erred in telling the jury that a tendency to commit suicide does not prove insanity. It, however, withdrew from that position by immediately telling them, that as a fact, it was a matter for their consideration, in connection with all the other facts and circumstances in the case. Thus qualified there was no error in the instruction.

ID.—ID.—ID—The Court instructed the jury: "Where the evidence of the case shows that there was strong motive of anger, jealousy, or hate, actuating the accused, such motive as might naturally induce a man of depraved and wicked heart, and violent, ungovernable passions to perpetrate the crime of which he stands accused, we cease to look for other causes of the deed committed and naturally attribute it to those which so glaringly present themselves; and at once, unless the evidence of his being

actually insane is forced upon us, attribute it to his own wicked nature, and the unholy indulgence of his ungovernable passions. This process of our mind is natural and is founded in the truth and reason of things. You ought to inquire therefore, gentlemen, whether in the case before you the prisoner at the bar committed the act, charged upon him as a crime, in the absence of any such motives as would naturally inflame the mind of a depraved man to commit acts of violence; if any such motive existed, that circumstance will add great strength to the proof of his insanity. But if, on the other hand, he was actuated by strong motives of revenge, or other passions, you have a right to infer that it was under the influence of those motives that he committed the deed, and not under the influence of insanity unless the proof of actual insanity at the time is made clear to your minds by the testimony." While the instruction is not couched in such clear and unequivocal terms as should characterize a legal charge to a jury in the performance of a solemn duty, it must be construed as declaring that it was the duty of the jury to determine from the evidence whether the defendant committed the homicidal act under, or in the absence of "such motives as would naturally influence the mind of a depraved man to acts of violence;" and that if the defendant committed the act with his mind under the influence of " motives of anger, jealousy, or hate, that circumstance would add great strength to the proof of his insanity ;" but if actual insanity at the time of the act was not made out to their minds by the testimony, and they believed from the evidence that the defendant was "actuated by strong motives of revenge, or other passions, they had the right to infer that it was under the influence of those motives that he committed the deed, and not under the influence of insanity, unless they were satisfied by the evidence that he was insane." So construed, the instruction, where it verges on error, was favorable to the defendant.

APPEAL from a judgment of conviction and from an order denying a new trial in the Superior Court.

The Court instructed the jury as stated in the last paragraph of the syllabus.

*Charles H. Wolff,* for Appellant.

*A. L. Hart,* Attorney-General, for Respondent.

McKEE, J.:

On this appeal it is contended, on behalf of the appellant, that he has not had a fair and impartial trial, because of errors of law committed by the Court below in the charge to the jury. Three instructions given to the jury are challenged: By one of them the jury were told, "That a tendency to commit suicide does not prove insanity, but it is one of the symp-

toms of insanity which it is entirely competent for the jury to take into consideration with all the other symptoms which have been proved, and with all the facts and circumstances of the case;" and by another, "That the burden of proving the the existence of insanity rests upon the accused, and it follows that this fact must be satisfactorily established, and that by a preponderance of evidence." The last instruction contains no erroneous proposition of law. It has been repeatedly held that where a person accused of crime relies on the defense of insanity, he is bound to establish it by such a preponderance of evidence that if the question were submitted to the jury in a civil case they would find him insane. (*People* v. *Coffman*, 24 Cal. 230 ; *People* v. *M'Donell*, 47 id. 134; *People* v. *Wilson*, 49 id. 13; *People* v. *Walker*, 88 N. Y. 81 ; *People* v. *Ferris*, 55 Cal. 588.) In other words, insanity, like any other affirmative defense, relied on by a defendant in a criminal case, must be proven to the satisfaction of the jury. It is a fact; and a fact proven by a preponderance of evidence is a fact "satisfactorily established." As an expression, a preponderance of evidence is the equivalent of satisfactory proof. While, therefore, the instruction under consideration may be faulty in phraseology, it is, as a legal proposition, substantially correct.

The basis of the first instruction consists of a single fact, *i. e.*, a tendency to commit suicide. As a fact in the case it was assumed by the court. In making the assumption, it is contended that the Court invaded the province of the jury, and that the instruction is erroneous. It is error for a Court to assume the existence of a fact which is not in evidence, or which is to be determined by the jury on evidence, however slight, or on a conflict of evidence. A Court can not weigh evidence and determine its sufficiency as matter of law. The jury are the exclusive judges of the credibility of witnesses, the weight of testimony, and of the facts established, and the presumption of facts deducible from them. Any assumption of a fact, or facts, in dispute which must be found by the jury, is, therefore, an infringement of their province, which, presumptively, injuriously affects the rights of the accused, and constitutes error for which a conviction is re-

versable. (*People* v. *Ybarra*, 17 Cal. 166; *People* v. *Walden*, 51 id. 588; *People* v. *Wong Ah Ngow*, 54 id. 151.)

An instruction, however otherwise unobjectionable, is not erroneous if the fact which is assumed in it was one not controverted by the evidence. It is not error for a Court to assume the existence of an admitted or uncontroverted fact in a case, and instruct the jury as to its legal effect. (*Luman* v. *Kerr*, 4 G. Greene, Iowa, 159; *Hughes* v. *Monty*, 24 Iowa, 499.) Whether the fact assumed was controverted or uncontroverted by the evidence does not affirmatively appear by the record, for the evidence is not in the record. We must therefore presume that it was an uncontroverted or admitted fact in the case, and it was not error to assume its existence.

But where a Court unqualifiedly tells a jury, as matter of law, that an assumed fact does not prove a fact in dispute, it is error. Such a charge should not be given when it is necessary to draw an inference of fact. An inference of fact, where it does not arise as a presumption of law, must be drawn by the jury, whose duty it is to pass upon the sufficiency or insufficiency of evidence. So when the Court below, in the first part of its instruction, told the jury, as matter of law, that the fact which was the subject-matter of the instruction did not prove the fact in dispute, *i. e.,* the insanity of the defendant, it invaded the province of the jury. It, however, withdrew from that position, by immediately telling them that, as a fact, it was a matter for their consideration, in connection with all the other facts and circumstances in the case. Thus qualified, the fact was properly left as partial evidence of the fact in dispute to the determination of the jury; and there was no error in the instruction, as an entirety, to the prejudice of the defendant.

As to the other instruction which has been called in question, while it is not, by any means, couched in such clear and unequivocal terms as should characterize a legal charge to a jury in the performance of a solemn duty, it must be construed as declaring that it was the duty of the jury to determine from the evidence whether the defendant committed the homicidal act under, or in the absence of, "such motives as would naturally influence the mind of a depraved man to acts of violence," and that if the defendant committed the act

with his mind under the influence of "motives of anger, jealousy, or hate, that circumstance would add great strength to the proof of his insanity." But if actual insanity at the time of the act was not made out to their minds by the testimony, and they believe, from the evidence, that the defendant was "actuated by strong motives of revenge or other passions, they had the right to infer that it was under the influence of those motives that he committed the deed, and not under the influence of insanity, unless they were satisfied by the evidence that he was insane."

So construed, the instruction, where it verges on error, was favorable to the defendant.

Judgment and order affirmed.

MYRICK, J., and MORRISON, C. J., concurred.

ROSS, J., concurred in the judgment.