Hall, J.
1. A special plea which alleged that the indictment on which the defendant was about to be arraigned was never returned into *226 court by the grand jury, but was brought in by their bailiff and handed to the,clerk, who thereupon entered it on the minutes of the court, at which time none-of the grand jurors were present, neither their fore'man nor a quorum óf the body,, nor any member thereof, and that these several facts appeared from the minutes of the court, but which did' not allege that the bailiff making the return was not the duly qualified officer of the grand jury sworn in accordance with law, or that the indictment was tampered with or altered in any respect, or that, in consequence thereof, the accused suffered injury or detriment, was demurrable and was properly stricken by the court. Davis vs. State, (present-term); 1 Ga. Law Reporter, 109. Code, §3916.
(a) The history and reason, of the manner of returning indictments discussed. Acts 1857, p. 100; Code, §3918; Crown Circuit Companion, 1 (Am. Ed.), p. 485 (Crown Circuit Assistant-.)
2. The court did not err in instructing the jury that, although they were judges of the law as well as the facts, under the Constitution of the State, they should take the law from the court, and he was responsible ¡for its correct exposition. This has held in several cases, and while in the cáse of Ridenhour vs.-State, at the present term of the court, 1 Ga. Law Reporter, 114, two members of the bench expressed dissatisfaction with that view of th# law, yet the former cases could not be reviewed and reversed without the unanimous ruling of the full bench, which cannotbe had. Code, §217. •
3. There was no error in striking the special plea which admitted the homicide with which defendant was charged, but denied his liability under the law to answer to the charge of murder because of his insanity at the time the deed.was done. Under the law of Georgia, this-defense, if insisted:on,-must be made under the general plea of not guilty, and if satisfactorily made out, it would finally acquit the defendant of the charge preferred against^him.and discharge him.
(a) The manner of trying such an issue in England formerly and at present, and the history and reason-therefor discussed. Crown’s Cir-' cuit Companion, 484; 39 and 40 Geo. III. c., 94; 1 Chitty Cr. L., 761, 762, 649-
. (b) The necessity for legislation in respect to criminals acquitted on the ground of insanity in this State suggested.
(c) The Code (§§4673, 4299) provides for special -pleas of insanity and the trial of the issues made thereon in cases of mental derangement existing at the time of the trial, and in no case can this special defense be put in without an averment of the existence of this diseased condition of the mind at that time. 38 Ga., 491, 507, 508.
There was no error in refusing to charge to the effect that the *227 prisoner’s sanity must be shown by the same amount of proof that is required to establish guilt in all other oases, that is to the exclusion of all reasonable doubt. 73 Ala., 307 Wharf Cr. Ev., 330, 340 et seq. Cent. L. J., vol. 18, pp 402-405; 16 Vroom (N. J.,) 203; 1 Houston’s Cr. Cas. (Del.); 33 Grat. (Va.,) 807; 56 Ga., 403: 86 N. C., 609; 71 Mo. (Redemier’s case); 61 Cal., 246 ; 13 Tex. App. (Jones’ case); 10 Id., 571; 70 Ga., 51 and cit.; Tedford’s case (present term). 1 Ga. Law Repqrter, 5.
R. S. Lanier; Hardeman & Davis; S. H. Jemison; W. Dessau* C. L Bartlett, for plaintiff in error. .
Clifford Anderson, Attorney General, by J. H. Lumpkin; J. L. Hardeman, Solicitor General; Bacon & Rutherford, for the State.
(a) This court held, in the case of Carter vs. State, 56 Ga., 403, that the presumption of sanity should be rebutted by a preponderance of evidence of insanity at the time the offense .was alleged to have been committed, or the jury would not be authorized to acquit on that ground of the.defense.
(b) The judge in this ease did not restrict the defendant from using the evidence in respect to insanity, together with other, circumstances in proof, to cast doubt upon his guilt, and in so doing he laid down as lenient a rule as the defendant was entitled to.
5. There is nothing in the remaining grounds of the motion for new trial which would authorize an interference with the verdict. The charge was full, fair and impartial, and submitted fully the question of the defendant’s insanity, and the verdict was supported by the evidence.
Judgment affirmed.