### 7704. HAYNES *v.* THE STATE.

1. It was not error to refuse to allow the defendant to prove by the prosecutor, whom he was charged with having shot, and who had testified to his recognition of the defendant as the person who did the shooting (which took place at night), that a person whom he could not recognize, but who was not the defendant, shot him on another occasion, "very much under the same circumstances, near the same locality, in the same town." Such testimony was not admissible for the purpose of discrediting the prosecutor's testimony as to his recognition of the defendant, by showing his inability to recognize another person.
2. It was not error to allow a witness for the State to testify as to his having seen, on the night of the shooting in question and at the place at which it occurred, a man who had on a coat like that of the defendant, and whom he did not know to be the defendant.
3. Newly discovered evidence, presented for the purpose of discrediting the principal witness for the State by showing that he was convicted of a crime, does not require a new trial.
4. The charge of the court was sufficiently full as to the contentions of the accused.

DECIDED OCTOBER 31, 1916.

Conviction of shooting at another; from Appling superior court —Judge Highsmith. June 17, 1916.

*W. W. Bennett,* for plaintiff in error.

*J. H. Thomas, solicitor-general,* contra.

WADE, C. J. 1. The first special ground of the motion for a new trial, not being referred to in the brief of counsel, will be treated as abandoned. There was no error in the refusal of the court to allow the defendant to show by testimony of the prosecutor, whom the defendant was charged with having shot, and who

had testified to his recognition of the defendant as the person who did the shooting (which took place at night), that the witness "was shot by another party, and very much under the same circumstances, near the same locality, in the same town," and that the witness "had every reason in the world to know that it was not Will Haynes [the defendant], and that he could not recognize the party that did the shooting, and that he did not know who it was." Such testimony was not admissible to disparage or discredit what the witness had testified as to his recognition of the defendant, by showing his inability to recognize another person, guilty of a like offense, under somewhat similar circumstances. The witness might have been better acquainted with the defendant than with the other person, and therefore able to recognize the defendant, though unable to recognize the other person. It does not appear that the defendant proposed to prove that the conditions on both occasions were identical, or even that the shooting occurred in each instance at or about the same time of night, or whether both occasions were on moonlight nights. There was not sufficient similarity in the circumstances proposed to be shown, as indicated by this ground of the motion, to make the rejected evidence relevant and competent.

2. There was no error in allowing a witness for the State to testify that on the occasion when the crime was committed he "saw a man behind the lot, that had on a coat like Will Haynes [the defendant]. I don't know whether it was Will Haynes or not, because he had his hat pulled down over his face. He was behind Wash Stephens's lot before Wash got shot, and had on a coat with some buttons on it, shining buttons. It looked like the one he wears." This testimony was relevant and tended to connect the defendant with the crime; its probative value was for the jury.

3. There is no merit in the ground of the motion for a new trial based upon alleged newly discovered evidence, by which it was sought to show that the prosecutor was a man of bad character, in that at a recent term of another court he was convicted of the offense of larceny from the house, and therefore was not entitled to be believed. "Newly discovered evidence which is of no materiality whatever, save through its effect in discrediting a witness who testified at the trial, is not cause for a new trial." *Ramsey* v. *State*, 89 *Ga.* 198 (15 S. E. 6). The holding in *Saylors* v. *State*, 9 *Ga. App.* 227 (70 S. E. 975), that "even though [the newly dis-

covered testimony] be impeaching in its character, if it tends to establish a new and independent fact indicating the defendant's innocence" a new trial should be granted, is not in conflict with the ruling in this case. The alleged newly discovered evidence does not tend to establish a new and independent fact "indicating the defendant's innocence," but seeks merely to discredit the testimony of the principal witness against him. "The only effect the newly discovered evidence could possibly have would be to impeach the evidence of one of the State's witnesses, and therefore, under the oft-repeated rulings of this court, a new trial can not be granted on this ground." *Jackson* v. *State,* 93 *Ga.* 190 (18 S. E. 401). "It is a sound and well-settled rule, that a new trial will not be granted on the ground of newly discovered testimony, if the only object of the evidence be to impeach the character or credit of a witness." *Levining* v. *State,* 13 *Ga.* 513 (1). See also *Jackson* v. *State,* supra; *Avery* v. *State,* 11 *Ga. App.* 418 (75 S. E. 446); *McCrory* v. *State,* 11 *Ga. App.* 787 (7), 788 (76 S. E. 163); *Brantley* v. *State,* 16 *Ga. App.* 6 (84 S. E. 131); *Smith* v. *State,* 16 *Ga. App.* 691 (85 S. E. 973).

4. The last ground of the amendment to the motion for a new trial complains that the court erred "in omitting, failing, and neglecting to properly and correctly instruct the jury as to the contentions of the defendant, made upon the trial of said case." The defendant, in his statement at the trial, contended that he was not present at the time and place of the crime, and introduced testimony to corroborate his statement and to show that it was impossible for him to have been then and there present; and it is complained that the judge nowhere in his charge referred to this contention. The court charged the jury fully in regard to the defense of alibi, and no complaint is made as to the legal correctness of the charge on that subject. In the absence of a timely request in writing, the court was not required to refer particularly to the contentions of the defendant in detail, and an abstract statement of the law applicable to the defense interposed by him was sufficient. *Wilensky* v. *State,* 15 *Ga. App.* 360 (83 S. E. 276).

The evidence sufficiently supports the verdict, and the trial judge did not err in overruling the motion for a new trial.

*Judgment affirmed.*