## 12229. FOUNTAIN *v.* THE STATE.

The alleged newly discovered evidence as to conditional threats by the person killed which were not communicated to the defendant before the homicide did not require a new trial.

New evidence that prior to the trial a certain witness for the State said that at the time of the homicide the deceased had a pistol did not require another trial, the only effect that such testimony could have in favor of the defendant being to impeach testimony for the State.

DECIDED MAY 11, 1921.

Conviction of manslaughter; from Montgomery superior court — Judge E. D. Graham. December 31, 1920.

*A. C. Saffold,* for plaintiff in error.

*M. H. Boyer, solicitor-general,* contra.

BLOODWORTH, J.  Counsel for plaintiff in error, in his brief, expressly states that he does not rely upon the general grounds of the motion for a new trial.  The only special ground of the motion for a new trial is based upon alleged newly discovered evidence.

(*a*)  A part of this evidence relates to certain threats alleged to have been made by the deceased against the defendant, and which, in the brief of counsel for plaintiff in error, it is conceded were not communicated to the defendant  A new trial should not be granted on account of these alleged threats, for they were conditional and were not of such a character as would likely produce a different verdict should the case be tried again.  Justice Lumpkin, speaking for the Supreme Court, in *Brown* v. *Slate,* 141 *Ga.* 785, 786 (82 S. E. 240), said: " In *Young* v. *State,* 56 *Ga.* 403, Bleckley, J., said (p. 405) : ' It was early ruled by this court that newly discovered evidence was not a favored ground for new trial: 10 *Georgia Reports,* 512; 12 Ibid. 500.  If this ground was not favored then, how watchful of it should we be now?  The incentives to caution have been multiplied within a few years past, tenfold, perhaps a hundredfold.  From causes that have become history, and that are known to us all, the value of affidavits taken promiscuously has come to be low indeed.  Only the most credulous of men would habitually regard the contents of such affidavits as sufficient to overcome the verdict of a jury.  And unless it is reasonably apparent to the judicial mind that the new facts would probably produce a different verdict, a new trial should not be ordered.  10 *Ga. Rep.* 512.'  See *Burge* v. *State,* 133 *Ga.* 431 (66 S. E. 243).  Applications for new trials upon the ground of newly discovered evidence are addressed to the sound discretion of the trial judge, and a refusal to grant a new trial on that ground will not be reversed unless his discretion is abused.  *Miller* v. *State,* 119 *Ga.* 561 (46 S. E. 838) ; *Bradford* v. *Brand,* 132 *Ga.* 642 (64 S. E. 688)."  Moreover, section 6086 of the Civil Code of 1910 provides that " if the newly discovered evidence is that of witnesses, affidavits as to their residence, associates, means of knowledge, character, and credibility must be adduced."  This provision of the law was not fully complied with.  The supporting affidavits as to the good character, etc., of the newly discovered

witnesses are defective, in that they fail to show their associates or means of knowledge. Civil Code (1910), § 6086; *Young* v. *State*, 56 *Ga.* 403, 406.

(*b*) The other alleged newly discovered evidence was to the effect that, prior to the trial of accused, one of the witnesses for the State said that the deceased had a pistol at the time of the homicide. The only effect of this evidence would be to impeach the evidence for the State. "Though the witness sought to be impeached by newly discovered evidence was the only witness against the prisoner upon a vital point in the case, if the sole effect of the evidence would be to impeach the witness a new trial will not be granted." *Arwood* v. *State*, 59 *Ga.* 391 (1); *Levining* v. *State*, 13 *Ga.* 513 (1); *Wright* v. *State*, 34 *Ga.* 110 (2); *Jackson* v. *State*, 93 *Ga.* 190 (18 S. E. 401); *Haynes* v. *State*, 18 *Ga. App.* 741 (3), 742, 743 (90 S. E. 485), and cases cited.

It thus appears that there is no merit in the special ground of the motion for a new trial.

*Judgment affirmed.* *Broyles, C. J., and Luke, J., concur.*