18147.  NEWARK FIRE INSURANCE COMPANY v. REESE.

BLOODWORTH, J.  1. In view of the amendment to the petition, for no reason alleged does the excerpt from the charge of the court, of which complaint is made in the first ground of the amendment to the motion for a new trial, require a rehearing of the case.

2. The second special ground of the motion alleges error "because the principal sum sued for in this case was $600, the amount named in the policy, while the verdict . . was. for only the principal sum of $525, which was substantially less than the amount claimed and was equivalent to finding that movant was justified in resisting the claim as sued for." This ground is without merit. The suit was for $600, the amount of a policy of fire insurance on an automobile. It was agreed that the salvage value of the automobile was $75. The verdict was for $525. Under the ruling in *Central Manufacturers Mutual Ins. Co.* v. *Graham,* 24 *Ga. App.* 199 (4) (99 S. E. 434), even though the verdict was "substantially less than the amount claimed," this would not preclude the insured from recovering damages and attorney's fees, since the insurance company denied any liability whatsoever.

3. The ground of the motion based on newly discovered evidence is without merit. The alleged newly discovered evidence was not discovered for more than five years after the automobile was burned, and related to an alleged conversation between the plaintiff and a person who had been dead more than five years before the affidavits relative to this testimony were made. The only effect of the alleged newly discovered evidence would be to impeach the plaintiff. "Though the witness sought to be impeached by newly discovered evidence was the only witness against the prisoner upon a vital point in the case, if the sole effect of the evidence would be to impeach the witness a new trial will not be granted. *Arwood* v. *State,* 59 *Ga.* 391 (1); *Levining* v. *State,* 13 *Ga.* 513 (1); *Wright* v. *State,* 34 *Ga.* 110 (2); *Jackson* v. *State,* 93 *Ga.* 190 (18 S. E. 401); *Haynes* v. *State,* 18 *Ga. App.* 741 (3), 742, 743 (90 S. E. 485), and cases cited." *Key* v. *State,* 21 *Ga. App.* 795 (95 S. E. 269).

> *Judgment affirmed.  Broyles, C. J., and Luke, J., concur.*

DECIDED JULY 28, 1927.  REHEARING DENIED AUGUST 12, 1927.

Complaint on fire policy; from city court of Newnan—Judge W. L. Stallings.  April 28, 1927.

*Spalding, MacDougald & Sibley, Hall & Jones,* for plaintiff in error.

*Stanford Arnold,* contra.

Fire Insurance, 26 C. J. p. 578, n. 14, 22.
New Trial, 29 Cyc. p. 918, n. 5.