## 19368.   HUMPHREY *v.* THE STATE.

DECIDED MARCH 5, 1929.

J. C. Newsome, for plaintiff in error.

M. L. Felts, solicitor-general, contra.

BLOODWORTH, J.   1.   "Generally the word 'liquor' implies intoxicating liquor, and proof that the defendant sold liquor is sufficient to show, in the absence of adverse testimony, that he sold intoxicating liquor."   Smith v. State, 17 Ga. App. 118   (86 S. E. 283), and cit.

Counsel for the plaintiff in error insists that a new trial should be granted on the general grounds of the motion for a new trial, because "while Wade Walden swore that Fred Pilcher bought a quart of liquor from Hugh Humphrey, his witnesses, Fred Pilcher and Jewell Osborn, both swore that they were with him, and he did not buy it." In *Patton* v. *State,* 117 *Ga.* 234 (43 S. E. 533), the Supreme Court held: "In testing the sufficiency of evidence this court can not consider the credibility of witnesses, that being a matter exclusively for the jury." In *White* v. *State,* 25 *Ga. App.* 554 (103 S. E. 803), this court held: "A verdict supported by any evidence and approved by the trial judge can not be set aside by this court because of conflicting evidence or alleged insufficiency of evidence." "This court, by the constitutional amendment creating it, is limited in jurisdiction to the correction of errors of law alone, and, therefore, has no power to grant a new trial on the ground that the verdict is strongly contrary to the weight of evidence, if there is any evidence at all to support it." *Collins* v. *Broom,* 21 *Ga. App.* 420 (94 S. E. 645), and cit. Under the foregoing rulings the contention of counsel for plaintiff in error is groundless.

3. The only ground of the motion for a new trial other than the general grounds is based upon alleged newly discovered evidence, the only effect of which would be to impeach a witness for the State. Even "though the witness sought to be impeached by newly discovered evidence was the only witness against the prisoner upon a vital point in the case, if the sole effect of the evidence would be to impeach the witness a new trial will not be granted." *Arwood* v. *State,* 59 *Ga.* 391; *Levining* v. *State,* 13 *Ga.* 513; *Wright* v. *State,* 34 *Ga.* 110 (2); *Jackson* v. *State,* 93 *Ga.* 190 (18 S. E. 401); *Haynes* v. *State,* 18 *Ga. App.* 741 (3), 743 (90 S. E. 485), and cit.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*