25531.  YOUMANS *v.* THE STATE.

DECIDED SEPTEMBER 15, 1936.

*Eldon L. Bowen, Lee S. Purdom,* for plaintiff in error.
*John S. Gibson, solicitor-general,* contra.

MACINTYRE, J.  R. C. Youmans was convicted of assault with intent to murder by shooting A. B. Crawford with a pistol.  Counsel for the plaintiff in error abandon every special ground of the motion for new trial, except the one based on alleged newly discovered evidence.  Said ground avers that "movant upon his trial contended that the prosecutor, Arch Crawford, was drunk, and made an assault upon him, and that movant was forced to protect himself from possible or further bodily harm at the hands of Arch Crawford, and that upon the trial of this case the defendant had no witness by whose testimony he could establish his contentions other than the witness Vera Carroll, who was impeached by the State."  Walker Donaldson, the witness relied on to furnish the alleged newly-discovered evidence, and who lived in "Jesup, Wayne County, Georgia," substantially stated in his affidavit that

he had been acquainted with the defendant, Youmans, "for the past seven or eight years;" that he, Youmans, and Crawford were together shortly before the shooting, and Youmans was sober and Crawford "staggering drunk;" that Crawford said "he wanted a woman," and asked affiant "if there would be any women out there that night;" that "affiant saw the condition Crawford was in, and told him that he was going up the road . . and bring back some women, . . and that he got away from Crawford in this way, and left him;" and that affiant "did not attend the trial of . . Youmans, for the reason that he did not want to get tangled up in the trial of the case." In his statement to the jury the defendant substantially stated the facts to which Donaldson would have testified. It further appears from said statement that Donaldson was "an old friend of the defendant; that the defendant knew that he lived in Jesup, Georgia; that very shortly before the shooting the defendant, Donaldson, and Crawford were together, and that the defendant then knew that Donaldson knew the facts alleged to constitute the newly-discovered evidence. It is true that the defendant deposed that he had been in jail since his arrest, but it also appears that he was represented by counsel; and no sufficient reason is given why he did not apprise counsel of the fact that "an old friend" living nearby in Jesup would testify to the facts in question. "Evidence known to the prisoner at his trial is not newly discovered, though not known to his counsel until afterwards." *Young* v. *State,* 56 *Ga.* 403 (2). Neither the evidence nor the witness was "newly discovered." We hold that the judge did not err in overruling the motion for new trial. Another reason why the judgment is correct is that "Courts are not obliged to grant a new trial for newly-discovered evidence, unless they are reasonably convinced that on another trial there would probably be a different verdict." *Young* v. *State,* supra. We are satisfied that the testimony of the absent witness, who left before the shooting occurred, was not of sufficient materiality to change the result of the trial.

*Judgment affirmed.* *Broyles, C. J., and Guerry, J., concur.*