NEAL FELTON, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. If there be sufficient evidence to sustain the verdict, this court will not control the discretion of the court below in refusing to grant a new trial on the ground that the verdict is against the weight of the evidence.

2. In a case where the testimony clearly shows that the defendant is guilty of more than a bare assault, it is not such error to refuse to charge that the jury may find him guilty only of the assault, as to require the grant of a new trial.

Felton *vs.* The State of Georgia.

3. Newly discovered evidence which tends only to impeach a witness, will not authorize the grant of a new trial, especially if the effort to impeach be the sayings of the witness sought to be impeached, spoken subsequently to the trial.

Criminal law. New trial. Charge of court. Before Judge McCutchen. Bartow Superior Court. July Term, 1875.

Reported in the opinion.

G. H. Bates; R. W. Murphy, for plaintiff in error.

A. T. Hackett, solicitor·general, by E. P. Howell, for the state.

Jackson, Judge.

The defendant was indicted and convicted of this offense, and moved for a new trial on three grounds, to-wit: because the verdict was against the evidence and the law; because the court erred in declining to charge that, under the facts of the case, the defendant could not be found guilty of a bare assault; and because he had discovered new evidence since the trial. The court overruled the motion, and error is assigned on each ground above specified.

1. The evidence is abundant to sustain the verdict. The defendant threw the girl down, stopped her mouth to suppress her cries for help, put his hand under her clothes, and in his effort to effect his purpose made her mouth bleed, and otherwise bruised her person; and only desisted when her grandmother, hearing her cries, called out to him to desist.

2. The facts show much more than an assault. Such a verdict, a bare assault, ought not to have been returned; the facts would not make that crime, but made much more; and while the jury might have found such a verdict against facts and law, it is extremely improbable that they would have done so. At all events, we have no idea that the charge, if given, would have altered the verdict; it certainly ought not to have done it, therefore we will not interfere.

3. The newly discovered evidence consists entirely in say-

ings of the witness, the girl, *after the trial.* A new trial should not have been granted on them for two reasons: first, because they go to impeach her evidence only, and secondly, because they were spoken after the trial. If the principle were once established that proof of such sayings so spoken would set aside a verdict, and open the case again, verdicts would cease to stand, and crime would go always unpunished, for it would be easy, for love or money, to get some witness to say something contradictory to his evidence on the trial.

Judgment affirmed.