ANDERSON ATTAWAY, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. There was sufficient evidence in this case to sustain the verdict.
2. Newly discovered evidence to the effect that a witness is prepared to swear that she heard a person other than the defendant admit that she did the criminal act of which defendant was convicted, will not authorize a new trial.

Criminal law. New trial. Before Judge McCUTCHEN. Bartow Superior Court. July Term, 1875.

It is only necessary to state that the newly discovered evidence was embraced in the affidavit of one Nancy Reeder, to the effect that she, in company with three other parties, heard Sallie Russell say that Anderson Attaway did not cut or assault William Vaughn at the time and place charged in the indictment, but that she, Sallie Russell, cut him; that Vaughn requested her to say nothing about the difficulty, stating that he would fix it on some one else; that she did the cutting on account of some improper conduct on the part of Attaway to her. That she never disclosed these facts to Attaway or his counsel until after the trial.

The usual affidavits of the defendant and his counsel as to the evidence being newly discovered, were also annexed.

WARREN AKIN & SON; J. L. & J. M. MOON; RICHARD H. FIELD, by ABDA JOHNSON, for plaintiff in error.

A. T. HACKETT, solicitor general, by E. P. HOWELL, for the state.

WARNER, Chief Justice.

The defendant was indicted for the offense of an assault with intent to murder and on his trial therefor was found guilty. A motion for a new trial was made by the defendant, on the ground that the verdict was contrary to law and the evidence, and for newly discovered evidence since the trial, which motion was overruled by the court, and the defendant excepted.

The assault was committed in the night, and the only point made upon the evidence was as to the identity of the defendant. The jury were satisfied from the evidence before them that the defendant committed the assault and cut the prosecutor with his knife as alleged in the indictment, and in our judgment, there was sufficient evidence, as disclosed by the record, to sustain their verdict under the law. The newly discovered evidence was not of that character which would autho-

rize any court to grant a new trial on that ground.    There was no error in overruling the motion for a new trial.

Let the judgment of the court below be affirmed.