LASSETER *et al. vs.* SIMPSON *et al.*

1. Where a minor by next friend is one of the complainants, and pending the action the minor becomes of age, the name of the next friend may be stricken by amendment, and the cause proceed.
2. The more regular form of pleading is for the minor to sue by the the next friend, but if the next friend sue as next friend of the minor, it is the same thing in substance.
3. The specific ground on which the competency of a witness was denied must be disclosed. If he testifies to various facts, some of which he was competent to prove, a general allegation that he was incompetent to testify as in the brief of evidence will appear, is too general. The surviving party to a contract, who is not a party to the record, is generally competent to testify against his interest, or where his interest is equally balanced. If he be liable for more on his individual warranty of realty than on his misappropriation of personalty, as administrator, and his testimony tends to charge him on the former and to discharge him on the latter, he is competent.

| 78 | 61 |
| 89 | 706 |
| 78 | 61 |
| 93 | 55 |
| 78 | 61 |
| 113 | 85 |
| 78 | 61 |
| 117 | 255 |
| 78 | 61 |
| 124 | 41 |
| 78 | 61 |
| 126 | 314 |
| 78 | 61 |
| 128 | 132 |
| 128 | 772 |

4. Where a deed is misdescribed in the original bill, but the record shows a fragmentary amendment, which was probably intended to correct the misdescription, and which seems to serve that purpose, and the deed was admitted in evidence, its admission was not error. Moreover, it does not appear on what ground the admission of the instrument was objected to.

5. The Supreme Court cannot, without knowing what the verdict was, determine whether it was variant from the pleadings, or contrary to law, to evidence or to the charge of the court, or without evidence to support it.

6. That a witness, after the trial, made certain declarations at variance with his sworn testimony, will not work a new trial.

February 26, 1887.

Minors. Parties. Pleadings. Amendment. Witness. Evidence. Practice in Supreme Court. New Trial. Before Judge Bower. Decatur Superior Court. May Term, 1886.

Edgar A. Simpson and his wife, and said Edgar A. as next friend of Annie Moore, a minor, filed their bill against B. F. Lasseter and others, alleging, in brief, as follows: In 1864, Augustus Moore died, leaving certain real and and personal property. His widow administered upon his estate, but subsequently was remarried to one John Cameron, who succeeded to the administration and gave an administrator's bond with John Lasseter as one of the securities thereon. Mrs. Cameron elected to take a child's part, and the personal property of the estate was set apart to her as being one-third of the entire estate, both real and personal. Cameron obtained an order from the court of ordinary allowing him to sell all the real estate, and did so. It was bid off by John Lasseter at the price of $1,200, and Cameron, as administrator, made him a deed, and on the same day he made a deed back to Cameron individually. No money passed, but the arrangement was a fraudulent method of procuring the title for Cameron individually. Some time after this, Cameron traded these lands to John Lasseter for other lands, and received

Lasseter's notes for $2,000 as the difference in price between the two tracts. Lasseter received a deed from Cameron and went into possession and so continued until his death, and his widow and children have since remained in possession. He took the land with notice that Cameron had no title to it. The administrator's sale was not necessary, there being no debts, the heirs being minors, and it being against their interest. It was, in fact, the result of a combination, confederacy and fraudulent understanding beteen Cameron and Lasseter. The prayers were, that the defendants be required to surrender possession of the land; that the deed of Cameron, administrator, to John Lasseter be decreed to be null and void; and for subpœna and general relief.

Following the bill is what appears to be an abstract of amendments. The name of the next friend of Annie Moore was stricken so as to leave her a party, she having reached the age of twenty-one years. A new party defendant was made in place of one who had died. Then occurs the following statement: " As to illegality of deed from John Cameron to J. and B. F. Lasseter as illegal and from cancellation of deed from Cameron to Lasseter."

The defendants answered separately, denying that there was any fraud, collusion or illegality in the transaction. B. F. Lasseter admitted in his answer the sale by Cameron, administrator, to John Lasseter, the father of the defendant, and the resale to Cameron ; but insisted that it was a *bona fide* sale in payment of the purchase money and a resale, and that the administrator had returned the purchase price of the property, and litigation was then pending on behalf of the complainants for an accounting with him. He denied that his father traded lands with Cameron, but said that he himself purchased the land from Cameron, except about forty acres which had previously been sold off, and that the interest claimed by the other defendants in the land was through him.

On the trial, the complainants introduced testimony to

show the sale by Cameron, administrator, to John Lasseter on November 5, 1867; the reconveyance to Cameron on the same day; and that, on October 15, 1873, Cameron made a deed to John and B. F. Lasseter. It did not appear that any money passed on the day of the first transaction. Cameron was introduced as a witness by the complainants, and, after stating the various relationships of the parties, testified that his wife was interested in the estate of Moore, as his widow; that there was never any formal settlement with her, but that they frequently talked the matter over together, and that having used the personalty of the estate, they considered that the children should have the realty; that he used personal property of the estate in paying debts; that he did not defraud the children, but that they lived with him and shared the advantages arising from the use of the personalty. He stated also that B. F. and all the other Lasseters knew of how he got the deed to the land in his own name individually. His testimony tended to show that he had received other land in part payment of that traded by him.

The defendants introduced no testimony. It is stated in their motion for a new trial, that there was a verdict for the complainants, but such verdict does not appear in the record. The motion was substantially on the following grounds:

(1) Because the court permitted the complainants to amend their bill, leaving the name of Annie Moore as a party, she having become of age pending the litigation.

(2) Because the court held that John Cameron was a competent witness " to testify to the facts that he was permitted to testify to, as will appear from the brief of evidence."

(3) Because the court admitted in evidence the deed made by John Cameron to John and B. F. Lasseter.—The objection was that there was no allegation in the bill of any trade between Cameron and them, nor of any complicity on the part of B. F. Lasseter in the fraud alleged

to have been committed by Cameron and John Lasseter.

(4) Because the verdict was contrary to law, evidence and the charge of the court.

(5) Because, since the trial, Cameron, who was a witness for the complainants, has admitted that B. F. Lasseter was not aware of any fraud in the sale of the land.

The motion was overruled, and the defendants excepted.

O. G. GURLEY, for plaintiffs in error.

DONALDSON & HAWES, for defendants.

BLECKLEY, Chief Justice.

1. Where a minor by next friend is one of the complainants, and pending the action the minor becomes of age, the name of the next friend may be stricken by amendment, and the cause proceed. *Sims vs. Renwick* 25 *Ga.* 58.

2. The more regular form of pleading is for the minor to sue by the next friend, but if the next friend sue as next friend of the minor, it is the same thing in substand.

3. The specific ground on which the competency of a witness was denied must be disclosed. If he testifies to various facts, some of which he was competent to prove, a general allegation that he was incompetent to testify as in the brief of evidence will appear, is too general. The surviving party to a contract, who is not a party to the record, is generally competent to testify against his interest, or where his interest is equally balanced. If he be liable for more on his individual warranty of realty than on his misappropriation of personalty, as administrator, and his testimony tends to charge him on the former and to discharge him on the latter, he is competent.

4. Where a deed is misdescribed in the original bill, but the record shows a fragmentary amendment, which was

v 78-5

probably intended to correct the misdescription, and which seems to serve that purpose, and the deed was admitted in evidence, its admission was not error. Moreover, it does not appear upon what ground the admission of the instrument was objected to.

5. The Supreme Court cannot, without knowing what the verdict was, determine whether it was variant from the pleadings, or contrary to law, to evidence, or to the charge of the court, or without evidence to support it. The verdict in this case is not in the record. It was a verdict upon a bill praying relief, specific and general. What relief was found by the verdict, we do not know. Why it was that the verdict was left out, we do not know. Counsel in the argument here said that the verdict was not in the record, but insisted that we could know what it was from the record; but the only record of it is that there was a verdict for the complainant. What relief was granted, whether it fell under the classification of general or special, we know not. Of course, we cannot reverse the court below on a verdict we have never seen, and the contents of which are not even recited here in the record.

6. That a witness, after the trial, made certain declarations, at variance with his sworn testimony, will not work a new trial. A witness swore one thing in court, and then went out and said the fact was the other way; and after the trial was over, the movants for a new trial proved he said it was the other way. He swore one way, and talked another after the trial; and they want a new trial on this ground. Of course they cannot get it. 56 *Ga.* 363.

Judgment affirmed.