## HARDY v. THE STATE.

1. "All applications for continuances are addressed to the sound legal discretion of the court, and, if not expressly provided for, shall be granted or refused, as the ends of justice may require."

2. Newly discovered evidence which goes merely to the credit of a witness is not cause for a new trial.

3. The evidence was sufficient to warrant the verdict.

Argued January 19, — Decided February 7, 1903.

Indictment for murder. Before Judge Brinson. Richmond superior court. December 30, 1902.

*B. B. McCowen* and *T. S. Lyons,* for plaintiff in error.

*John C. Hart, attorney-general,* and *J. S. Reynolds, solicitor-general,* contra.

CANDLER, J. The accused was convicted of murder, in Richmond superior court. His motion for a new trial, besides containing the general grounds that the verdict was contrary to law and the evidence, complained that the court erred in not granting a continuance on motion of counsel for the accused, and asked for a new trial on the ground of newly discovered evidence. The motion was overruled, and the accused excepted.

1. The motion for a continuance was placed upon the ground that counsel for the accused had not had time to prepare his defense or to procure the attendance of witnesses. It seems that of the witnesses whose names were furnished by the accused to his counsel, many were known to the accused only by nicknames, and that there was no way by which the real names and whereabouts of these witnesses could be ascertained. In this connection the trial judge certified, that on the day the case was called for trial, "there were one or two witnesses whose full names were known absent; that counsel stated that there were several other witnesses whose full names he did not know and whose presence he desired; that he did not know what he intended to prove by them, not having conferred with them; that the court then announced to counsel that he would be furnished with bailiffs to get all witnesses whose names and addresses were known, and bring them into court, before the case would go on; that as to one of the witnesses his presence was waived; and that as to the other witness, the witness was brought into court before the case was finally forced to a hear-

ing." As has been repeatedly ruled by this court, motions for a continuance are, and must of necessity be, peculiarly within the discretion of the trial court, and that discretion will not be controlled by this court unless it has been manifestly abused. Great responsibility rests upon the judges of the superior courts to dispatch business and administer the law in such a manner as not to prove unnecessarily burdensome to the people of the community, and in discharging this responsibility each judge must be left, to a large extent, in control of the situation that confronts him. It does not appear that in the present case there was any abuse of discretion in refusing to grant a continuance. There is nothing in the record to induce the conclusion that, by holding the trial when it was held, the accused was deprived of any right, or that, if the case had been continued indefinitely, he would at a later date have been any better prepared to go to trial. It follows that the refusal to continue will not work a reversal of the judgment of the court below.

2. The newly discovered evidence relied upon as ground for a new trial consisted of the testimony of the principal witness for the State, given on the trial of one jointly indicted with the accused, subsequently to the trial of the present case, and which was in some respects contradictory to his evidence in this case. The points upon which the alleged newly-discovered evidence contradicted the evidence of the witness in this case were unimportant particulars connected with the manner of the killing and the movements of the accused persons after the commission of the crime, and it is difficult to see how it could have influenced the jury to find differently from what they did. But be that as it may, it is well settled that newly-discovered evidence going merely to the credit of a witness, as this did, is not cause for a new trial. See *Hunt* v. *State*, 81 *Ga.* 140.

3. The only direct evidence against the accused was that of an accomplice. Much circumstantial evidence, however, was introduced in corroboration of his testimony. If the evidence for the State was worthy of belief (and the jury evidently so considered it), the accused was guilty of a murder of peculiar atrocity. The case, so far as appears from the record, was fairly and impartially tried in the court below, and we can see no reason for interfering with the judgment refusing a new trial.

　　　　　　　*Judgment affirmed.　By five Justices.*