## CLARK *v.* THE STATE.

FISH, J.   1. The suspension of the trial of a criminal case to receive the presentments of the grand jury is not cause for a new trial, when it is not shown how the rights of the accused could have been affected thereby.   This is especially true when no objection was made at the time.   *Perry* v. *State,* 116 *Ga.* 850.

2. Where the solicitor-general, in his argument to the jury, said :   " Here is [H.], a prominent and wealthy man, over here working for this defendant, handing notes to and from defendant's counsel.   He comes from a town where they have big banks, big hotels, electric lights, etc.   [H.] has brought a lot of witnesses over here ;" and, upon objection to such language by counsel for the accused, the court said :   " The solicitor has the right to remark upon anything occurring in the presence of the jury or in the evidence ; outside of this he can not go," the remark of the judge was not " calculated to impress the jury that he inclined in his opinion as to the case towards the side of the State ;" nor did the language of the solicitor, in view of the declaration of the court, require the grant of a new trial.

3. Testimony to the effect that immediately after the accused shot, some one said to him :   " There, you have done killed him," to which the accused made no reply, was not inadmissible upon the ground that it was hearsay.   Civil Code, §§ 5179, 5195.

4. A witness sought to be impeached by previous contradictory statements may be sustained by proof of general good character, the effect of the evidence to be determined by the jury.   Penal Code, § 1026.

5 Failure to charge upon the law of confessions, in the absence of a request to so charge, is not cause for a new trial.   *Malone* v. *State,* 77 *Ga.* 767.

6. The evidence for the State, if credible, showed that the accused intentionally and wantonly shot into a crowd of persons and killed one of them.   The evidence for the accused and his statement, if credible, showed that he did not shoot at all.   It follows that a failure to charge upon the law of involuntary manslaughter was not erroneous.   *Hunnicutt* v. *State,* 114 *Ga.* 448.

7. Evidence that another person, after the conviction of the accused of murder, pleaded guilty to carrying a concealed weapon on the occasion of the homicide, and that an indictment against such other person, charging him with the murder of the deceased, was, after the conviction of the accused, " nol prossed," is not cause for a new trial.

8. Evidence that one of the State's witnesses, since the trial, has made declarations, even though under oath, that his testimony given upon the trial was

false, is not cause for a new trial. See *Felton* v. *State, 56 Ga.* 84 ; *Brown* v. *State,* 60 *Ga.* 210 ; *O'Kelly* v. *Felker,* 71 *Ga.* 775 ; *Lasseter* v. *Simpson,* 78 *Ga.* 61 ; *Munro* v. *Moody,* Ib. 127 ; *Davis* v. *Bagley,* 99 *Ga.* 142 ; Civil Code, § 5366.

9. Newly discovered evidence which is merely cumulative and impeaching in its character is not cause for a new trial.

10. There was no material error in any of the charges complained of ; the evidence warranted the verdict, and the court did not err in refusing to grant a new trial.              *Judgment affirmed.    By five Justices.*

Argued February 17,— Decided March 12, 1903.

Indictment for murder. Before Judge Foster. Walton superior court. December 11, 1902.

*Z. B. Rogers, S. L. Olive,* and *A. C. Stone,* for plaintiff in error. *J. C. Hart, attorney-general,* and *C. H. Brand, solicitor-general,* contra.