## JORDAN v. THE STATE.

CANDLER, J. 1. This case is controlled by the decision in *Clark* v. *State*, 117 *Ga.* 254, which follows the rule laid down in many other former adjudications, and has also been followed by others. See *Felton* v. *State*, 56 *Ga.* 84; *Brown* v. *State*, 60 *Ga.* 210; *O'Kelly* v. *Felker*, 71 *Ga.* 775; *Lasseter* v. *Simpson*, 78 *Ga.* 61; *Munro* v. *Moody*, Id. 127; *Davis* v. *Bagley*, 99 *Ga.* 142; *Hardy* v. *State*, 117 *Ga.* 40. Upon review of the cases this court is satisfied that they were properly decided, and all are reaffirmed.

2. These decisions hold, in effect, that evidence that one of the State's witnesses, since the trial, has made declarations, even though under oath, that his testimony given upon the trial was false, is not cause for a new trial. *Judgment affirmed. All the Justices concur.*

Argued November 20,—Decided December 21, 1905.

Indictment for seduction. Before Judge Little. Marion superior court. September 12, 1905.

*J. J. Dunham* and *George P. Munro*, for plaintiff in error.

*S. P. Gilbert, solicitor-general, W. B. Short*, and *W. D. Crawford*, contra.