## 1576.   CLARK v. THE STATE.

HILL, C. J.   1. Where, on the trial of one charged with the offense of selling intoxicating liquors, several bottles found in his home, containing, according to the testimony, whisky, were introduced in evidence, it was not error for the court to instruct the jury as follows: "In criminal cases the jury are judges of both the law and the facts. In this case you get the facts from the witnesses as they appear before you on the stand and testify, and from the bottles and their contents that are introduced in evidence in this case, giving such weight and credit as you see fit to the statement of the defendant." The character of the bottles and of their contents was a relevant and material fact, which the jury had a right to determine from a consideration of the bottles and their contents, in connection with the other evidence in the case.

2. A charge that "a witness may be impeached by disproving the testimony testified to by him" is not erroneous because of the use of the words "testimony testified to by him," instead of the words "facts testified to by him." "Testimony," in legal as well as in common usage, signifies a statement of facts by witnesses; and to disprove the testimony of a witness is to disprove the "facts testified to by him."

3. It is the duty of police officers to enforce the law and to try to detect violations of law; and the fact that a witness is shown to have been working for police officers in the detection of crime is no reason for disregarding his testimony, but is a fact to be considered by the jury

in determining as to his credibility. A charge to this effect was not erroneous.

4. The charge is a full, fair, and accurate exposition of the law applicable to the issues; and the assignments of error in the excerpts therefrom are wholly without merit.

5. The alleged newly discovered evidence is cumulative and impeaching in character, and does not authorize the grant of a new trial.

6. The evidence supports the verdict.                    *Judgment affirmed.*

Accusation of unlawful sale of liquor, from city court of Americus—Judge Crisp.   November 18, 1908.

Argued January 13,—Decided February 9, 1909.

*J. B. Hudson,* for plaintiff in error.

*Zach. Childers, solicitor,* contra.