### 6040.  WILSON v. THE STATE.

BROYLES, J.  1. An affidavit from one of the State's witnesses, declaring that her testimony given upon the trial was false, is not cause for a new trial. *Clark* v. *State*, 117 *Ga.* 254 (8) (43 S. E. 853) ; reaffirmed, on review, in *Jordan* v. *State*, 124 *Ga.* 417 (52 S. E. 768).

2. The affidavits submitted in support of that ground of the motion for a new trial which was based upon alleged newly discovered evidence, being met by a counter-showing which contradicted the truth of the alleged newly discovered testimony, it can not be said that the judge abused his discretion in refusing to grant a new trial. *Rivers* v. *State*, 8 *Ga. App.* 703 (70 S. E. 50) ; *Bowers* v. *State*, 135 *Ga.* 310 (69 S. E. 536) ; *Washington* v. *State*, 124 *Ga.* 424 (13) (52 S. E. 910) ; *Jordan* v. *State*, 120 *Ga.* 864 (5) (48 S. E. 352) ; *Wilcher* v. *State*, 118 *Ga.* 196 (44 S. E. 995).

3. Newly discovered evidence which is cumulative and impeaching in character is not a good ground for a new trial. *Clark* v. *State*, 5 *Ga. App.* 605 (5) (63 S. E. 606) ; *Moody* v. *State*, 1 *Ga. App.* 772 (9) (58 S. E. 262) ; *Bowers* v. *State*, 135 *Ga.* 310 (69 S. E. 536).

4. The affidavits submitted to show that the bailiffs in charge of the jury

had not been legally sworn in as officers were met by a strong counter-showing, which contradicted the truth of these affidavits, and the judge did not abuse his discretion in refusing a new trial on this ground. *Tolbirt* v. *State*, 124 *Ga.* 767 (53 S. E. 327), and cases cited above, in paragraph 2.

5. There was no error in the instructions complained of. The excerpts objected to, standing alone, would be subject to criticism, but considered in connection with the entire charge (which was an exceptionally full, fair, and correct presentation of the law and of the contentions of both parties) and the undisputed evidence in the case, they were not erroneous. The facts assumed by the court in these excerpts had been established by uncontradicted testimony, and the jury, under the law and the evidence, could not have found otherwise on these undisputed points. *Shields* v. *Georgia Ry. & Electric Co.*, 1 *Ga. App.* 172 (57 S. E. 980); *Fitzgerald Oil Co.* v. *Farmers Supply Co.*, 3 *Ga. App.* 217 (59 S. E. 713); *Deen* v. *Wheeler*, 7 *Ga. App.* 509, 516, 517 (67 S. E. 212); *Dexter Banking Co.* v. *McCook*, 7 *Ga. App.* 436 (67 S. E. 113).

6. Where there is any evidence to support the verdict, and there is no harmful error of law, the discretion of the trial judge in overruling the motion for a new trial will not be controlled. *Plummer* v. *State*, 1 *Ga. App.* 507 (57 S. E. 969); *Moody* v. *State*, 1 *Ga. App.* 772 (10) (58 S. E. 262); *Widener* v. *State*, 9 *Ga. App.* 302 (70 S. E. 1119); *Brown* v. *Hawkins*, 13 *Ga. App.* 309 (79 S. E. 76).

7. The other assignments of error, not being argued in the brief of plaintiff in error, are deemed to have been abandoned.

8. The evidence authorized the verdict; there was no error of law, and the judge did not abuse his discretion in refusing to grant a new trial.

*Judgment affirmed.*

DECIDED JANUARY 20, 1915.

Indictment for larceny; from Coffee superior court—Judge Quincey. September 12, 1914.

*C. A. Ward, Levi O'Steen, T. A. Wallace,* for plaintiff in error.
*W. A. Dickerson,* solicitor-general, contra.