### JOHNSON v. THE STATE.

GILBERT, J. 1. Evidence that one of the State's witnesses, since the trial, has made declarations, even though under oath, that his testimony given upon the trial was false, is not cause for a new trial. *Felton* v. *State*, 56 *Ga.* 84; *Brown* v. *State*, 60 *Ga.* 210; *O'Kelly* v. *Felker*, 71 *Ga.* 775; *Lasseter* v. *Simpson*, 78 *Ga.* 61 (3 S. E. 243); *Munro* v. *Moody*, 78 *Ga.* 127 (2 S. E. 688); *Davis* v. *Bagley*, 99 *Ga.* 142 (25 S. E. 20); *Hardy* v. *State*, 117 *Ga.* 40 (43 S. E. 434); *Jordan* v. *State*, 124 *Ga.* 417 (52 S. E. 768).

2. Newly discovered evidence as a ground for new trial is not favored, and the evidence claimed to be newly discovered in this case does not show cause for reversing the judgment of the trial court in refusing a new trial. The defendant does not explicitly deny knowledge prior to the trial of the evidence upon which he depends as newly discovered. Under the facts as disclosed in the record it does not clearly appear that the accused did not know of these facts, nor that if the contrary be true he could not have discovered the evidence by slight diligence.

3. The evidence authorized the verdict. There were no complaints of any rulings of the court, nor of any of the instructions to the jury.

*Judgment affirmed. All the Justices concur, except Beck, P. J., absent.*

No. 1412.    JUNE 14, 1919.

Indictment for murder. Before Judge Littlejohn. Webster superior court. March 29, 1919.

Colvin Johnson was tried on an indictment charging him with the offense of murder by the killing of his wife, Eula Johnson. Jesse Johnson, the twelve-year-old son of the defendant was sworn as a witness for the State, and testified that the defendant and the deceased quarreled over a trivial matter, when the defendant attempted to strike the deceased with a chair, and as she went out of the door the defendant took his gun from the corner of the room and shot her. Two doctors attended the deceased until her death the next day. One of them swore, on the trial of the case, that from the loss of blood the woman was in a dying condition from his first visit a few hours after the shooting. Two other witnesses gave evidence of dying declarations of the deceased, tending to corroborate the evidence of Jesse Johnson. The defendant introduced no evidence. He admitted that he killed the deceased by shooting her with a shotgun, but contended that the shooting was accidental and unintentional. The jury returned a verdict of guilty, with recommendation of life imprisonment. A motion for new trial based on the general grounds was filed, which subsequently was amended by adding two other grounds as follows:

1. Because of newly discovered evidence to the effect that the deceased, Eula Johnson, immediately after the shooting and repeatedly afterwards stated to the two doctors that the shooting was accidental. The affidavits of the two doctors to that effect were attached as exhibits. One of the doctors was sworn as a witness on the trial. The name of the other appears on the indictment as a witness. The affidavit of the defendant as to his ignorance of this evidence states that he did not know until after the trial that the two doctors "would testify" that the deceased said the shooting was accidental, and for that reason "did not communicate the facts" to his counsel. It appears that he was present at the bedside of his wife until she died, and he does not deny that he heard what the deceased is said to have stated. He was not arrested until after the death of his wife.

2. Because the testimony delivered upon the trial by the State's witness, Jesse Johnson, was untrue and false. An affidavit of Jesse Johnson was attached, to the effect that his testimony was false and given under fear. Counter-affidavits were also attached, to the effect that the witness denied the truthfulness of his affidavit admitting his testimony to have been untrue, and that since the trial he had been living with the father of the defendant, who had been taking an active interest in the case. The motion for new trial was overruled, and the defendant excepted.

*J. F. Souter, M. A. Walker,* and *Parks & Parks,* for plaintiff in error.

*Clifford Walker,* attorney-general, *Jule Felton,* solicitor-general, and *M. C. Bennet,* contra.