## 1295.  STORY v. THE STATE.

A mere former expression of opinion as to the guilt of the accused, by one who had not seen the crime committed or heard testimony under oath in regard to it, would not disqualify him from becoming a juror.

Affidavits as to the falsity of testimony given on the trial do not require a new trial.

As to the credibility of conflicting affidavits presented in connection with the motion for a new trial, the judgment of the trial judge will not be interfered with by this court.

DECIDED JANUARY 18, 1922.

Indictment for murder — conviction of manslaughter; from McDuffie superior court — Judge Henry C. Hammond. September 5, 1921.

J. B. Burnside, John T. West & Son, C. H. & R. S. Cohen, for plaintiff in error.

*A. L. Franklin, solicitor-general, M. L. Felts, John M. Graham,* contra.

BLOODWORTH, J. 1. The motion for a new trial alleges that the movant was deprived of a trial by an impartial jury, in that Carlton Richards, one of the jury that tried him, " prejudged the case against this defendant, and stated to J. J. Reese, a few days after the killing of T. S. Jones and before the trial of the said case, and at the home of one Aaron Young in McDuffie county, Georgia, that ' Sam G. Story [the defendant] should have his neck broken for killing Jones;' and when told by the said J. J. Reese that he ought not to express himself in that way until he knew all the facts, the said Carlton Richards replied that ' it didn't make any difference, that Sam Story ought to have his neck broken for that killing.' " In *Bowdoin* v. *State,* 113 *Ga.* 1150 (6) (39 S. E. 478), it was held: " Where one of the grounds of a motion for a new trial in a criminal case is that two of the jurors who rendered the verdict had previously expressed an opinion adverse to the innocence of the accused, the trial judge, as to this ground of the motion, occupies the position of a trior, and this court will not undertake to control his discretion in the matter, unless it clearly appears that it has been abused. *Ray* v. *State,* 15 *Ga.* 223; *Costly* v. *State,* 19 *Ga.* 614; *Vann* v. *State,* 83 *Ga.* 44; *Hill* v. *State,* 91 *Ga.* 104; *Carter* v. *State,* 106 *Ga.* 372; *Hackett* v. *State,* 108 *Ga.* 40; *Roberts v. State,* 110 *Ga.* 253." In *Langston* v. *State,* 24 *Ga. App.* 316 (1) (101 S. E. 3), this court held: " One is not disqualified from being a juror in a criminal case because of the formation and expression of an opinion as to the guilt or innocence of the accused, unless such opinion is formed and expressed either from having seen the crime committed or from having heard the testimony under oath."

On the hearing of the motion for a new trial it was shown by the affidavit of J. J. Reese that the juror Richards made the statement attributed to him in this ground of the motion for a new trial. In the counter-showing made by the State, Carlton Richards denied that he had ever expressed any opinion as to the guilt or innocence of the accused until after he retired with the jury to decide the case. Aaron Young swore that he heard all the conversation between Reese and Richards, and that Richards did not express any opinion as to the guilt of Story. It was also

shown on the hearing of the motion for a new trial that the juror Richards was a man of good character and Reese a man of bad character. Considering the counter-showing made on this question by the State, it does not appear that the judge abused his discretion in overruling this ground of the motion for a new trial.

2. (a) "The grounds of a motion for a new trial based upon the affidavit of a witness attacking his own testimony delivered at the trial as erroneous (even without considering the counter-affidavit also made by him) are without merit. Declarations of a witness after trial, at variance with his sworn testimony, even when made under oath and explicitly asserting that his testimony on the trial was false, do not constitute a cause for a new trial. *Lasseter* v. *Simpson,* 78 *Ga.* 61 (3 S. E. 243) ; *Munro* v. *Moody,* 78 *Ga.* 127 (2 S. E. 688) ; *Jordan* v. *State,* 124 *Ga.* 417 (2) (52 S. E. 768) ; *Hardy* v. *State,* 117 *Ga.* 40 (43 S. E. 434) ; *Clark* v. *State,* 117 *Ga.* 254 (8) (43 S. E. 853), and cases there cited. *Hayes* v. *State,* 16 *Ga. App.* 334, 335 (2) (85 S. E. 253) ; Civil Code, § 5961." *Smarr* v. *Kerlin,* 21 *Ga. App.* 813 (2) (95 S. E. 306).

(b) "The only ground of the motion for a new trial other than the general grounds is based upon alleged newly discovered evidence, the only effect of which would be to impeach the chief witness for the State. 'Though the witness sought to be impeached by newly discovered evidence was the only witness against the prisoner upon a vital point in the case, if the sole effect of the evidence would be to impeach the witness a new trial will not be granted.' *Arwood* v. *State,* 59 *Ga.* 391 (1) ; *Levining* v. *State,* 13 *Ga.* 513 (1) ; *Wright* v. *State,* 34 *Ga.* 110 (2) ; *Jackson* v. *State,* 93 *Ga.* 190 (18 S. E. 401) ; *Haynes* v. *State,* 18 *Ga. App.* 741 (3), 742, 743 (90 S. E. 485), and cases cited." *Key* v. *State,* 21 *Ga. App.* 795 (1) (95 S. E. 269).

(c) "The discretion of a trial judge in refusing a new trial on the ground of newly discovered evidence will not be controlled unless manifestly abused. *Tilley* v. *Cox,* 119 *Ga.* 867, 872 (47 S. E. 219). Where a motion for a new trial is based upon alleged newly discovered evidence, and affidavits are introduced, sustaining and disputing this ground of the motion, 'the trial judge is the trior of the facts, and it is his province to determine the credibility of the conflicting facts and contradictory witnesses. A reviewing

court will not in any such case control his discretion as to the comparative credibility of the witnesses who testified in support of the motion and those who swore to the contrary.' *Fouraker* v. *State,* 4 *Ga. App.* 692 (62 S. E. 116)." *Hayes* v. *State,* 16 *Ga. App.* 334 (85 S. E. 253). "It is well settled that evidence that a witness for the State made declarations since the trial that his testimony given upon the trial was false is not cause for a new trial, even though the declarations be made under oath (*Clark* v. *State,* 117 *Ga.* 254, 43 S. E. 853; *Jordan* v. *State,* 124 *Ga.* 417, 52 S. E. 768); and newly discovered evidence which merely goes to the credit of a witness, even though he be the sole witness upon whose evidence the verdict was returned, is not cause for a new trial." *Hayes* v. *Stale,* supra.

The foregoing rulings cover and dispose of grounds 4 to 9 (inclusive) of the motion for a new trial.

3. No complaint is made that any error was committed on the trial of the case; the evidence supports the verdict, which has the approval of the judge who tried the case, and the judgment is

*Affirmed. Broyles, C. J., and Luke, J., concur.*