## 13111. NORWOOD *v.* THE STATE.

1. The use of the word " pistol," instead of " gun," in the charge of the court upon the contentions of the State on a trial for homicide, which the indictment alleged had been committed by shooting with " a certain gun," was not cause for a new trial.
2. A definition of the word " felony," as used in section 70 of the Penal Code (1910), need not, if not properly requested, be given by the court where that section is given in charge to the jury.
3. Instructions upon the law as to voluntary manslaughter and as to a mutual intent to fight were authorized.
4. The omission of section 73 of the Penal Code (1910), in charging the jury, was not error harmful to the accused.
5, 6. Affidavits as to declarations of the sole witness for the State, to the effect that her testimony on the trial was false, do not constitute cause for a new trial.

DECIDED FEBRUARY 16, 1922.

Conviction of manslaughter; from Baldwin superior court — Judge Park. October 17, 1921.

*Sibley & Sibley*, for plaintiff in error.

*Doyle Campbell, solicitor-general, A. Y. Clement*, contra.

BLOODWORTH, J. 1. " An indictment for murder charged that the accused shot and killed the named decedent ' with a certain gun ' which the accused then and there held. On the trial it appeared that the accused committed the homicide by shooting the decedent with a pistol. *Held*, that it was not cause for a new trial that the court told the jury that a pistol is a gun. State *v.* Barrington, 198 Mo. 23 (95 S. W. 235)." *Hill* v. *State*, 147 *Ga.* 650 (1) (95 S. E. 213). See *Burney* v. *State*, 22 *Ga. App.* 622 (1) (97 S. E. 85), and cases cited in the opinion. The ruling in these cases dispose of grounds 4 and 5 of the motion for a new trial. Counsel for the plaintiff in error request that we certify this case to the Supreme Court, in order that the decisions cited

above may be "reviewed and overruled." We think this would be a useless consumption of time.

2. "In charging section 70 of the Penal Code, failure to explain to the jury the meaning of the word 'felony,' used therein, is not cause for a new trial, in the absence of an appropriate and timely request so to do." *Smith* v. *State,* 23 *Ga. App.* 541 (4) (99 S. E. 142), citing *Pressley* v. *State,* 132 *Ga.* 64 (3), 65 (63 S. E. 784); *Pickens* v. *State,* 132 *Ga.* 46 (63 S. E. 783); *Jordan* v. *State,* 16 *Ga. App.* 393, 400 (85 S. E. 455). Under the rulings in these cases there is no merit in special ground 6 of the motion for a new trial.

3. In *Cain* v. *State,* 7 *Ga. App.* 24 (65 S. E. 1069), this court said: "It is well settled by repeated rulings of the Supreme Court and this court that on a trial for murder, if there is anything deducible from the evidence or the defendant's statement that would tend to show manslaughter, voluntary or involuntary, it is the duty of the court to instruct the jury fully on the law of manslaughter. *Crawford* v. *State,* 12 *Ga.* 142 (6); *Jackson* v. *State,* 76 *Ga.* 473; *Wayne* v. *State,* 56 *Ga.* 113; *Bell* v. *State,* 130 *Ga.* 865 (61 S. E. 996); *Strickland* v. *State,* 133 *Ga.* 76 (65 S. E. 148); *Pyle* v. *State,* 4 *Ga. App.* 811 (62 S. E. 540). In the *Crawford* case, supra, the court strongly expresses itself on the subject as follows: 'When a defendant is put upon trial for murder, and there is any doubt as to the grade of homicide of which he is guilty, it is the duty of the court clearly and distinctly to instruct the jury as to the law, defining the several grades of homicide as recognized by the Penal Code, and then leave it to the jury to find from the evidence of what particular grade he is guilty.' In *Jackson* v. *State,* supra, the court uses still stronger language, and holds that 'where there is evidence sufficient to raise a doubt, however slight, upon the point whether the case is murder or manslaughter, voluntary or involuntary, the court should instruct the jury upon these grades of manslaughter as well as murder." Under these rulings as applied to the facts of this case, the trial judge did not err in charging on voluntary manslaughter or upon a mutual intent to fight.

4. Under all the facts of this case it was not error harmful to the accused for the judge to fail to give in charge to the jury section 73 of the Penal Code of 1910.

5. The following principles are thoroughly established in this State:

(*a*) "Declarations of a witness after trial, at variance with his sworn testimony, even when made under oath and explicitly asserting that his testimony on the trial was false, do not constitute a cause for a new trial. *Lasseler* v. *Simpson*, 78 *Ga.* 61 (3 S. E. 243); *Munro* v. *Moody*, 78 *Ga.* 127 (2 S. E. 688); *Jordon* v. *State*, 124 *Ga.* 417 (2) (52 S. E. 768); *Hardy* v. *State*, 117 *Ga.* 40 (43 S. E. 434); *Clark* v. *State*, 117 *Ga.* 254 (8) (43 S. E. 853), and cases there cited. *Hayes* v. *State*, 16 *Ga. App.* 334, 335 (2) (85 S. E. 253); Civil Code, § 5961." *Smarr* v. *Kerlin*, 21 *Ga. App.* 813 (2) (95 S. E. 306).

(*b*) "Though the witness sought to be impeached by newly discovered evidence was the only witness against the prisoner upon a vital point in the case, if the sole effect of the evidence would be to impeach the witness a new trial will not be granted. *Arwood* v. *State*, 59 *Ga.* 391 (1); *Levining* v. *State*, 13 *Ga.* 513 (1); *Wright* v. *State*, 34 *Ga.* 110 (2); *Jackson* v. *State*, 93 *Ga.* 190 (18 S. E. 401); *Haynes* v. *State*, 18 *Ga. App.* 741 (3), 742, 743 (90 S. E. 485), and cases cited." *Key* v. *State*, 21 *Ga. App.* 795 (1) (95 S. E. 269). Under this ruling there is no merit in the 10th ground of the amendment to the motion for a new trial.

6. In connection with the immediately preceding paragraph we call attention to the following words of Judge Starnes, who delivered the opinion of the court in *Levining* v. *State*, 13 *Ga.* 513: "If it be true, that an innocent man has been convicted upon false testimony, and witnesses have been discovered, who can prove that testimony false, the victim is not without a remedy, potent to break his bonds, and free his character from stain. Such a case presented to the Executive will, without doubt, successfully appeal to the power with which the Constitution clothes that officer, and speedily invoke that pardoning clemency for the sufferer, which, whilst it carries with it a remedy for his wrongs, will insure justice to his character and memory. It is better that to this efficient tribunal we should commend such a case of individual hardship, than by granting a new trial, violate one of those general rules, so essential to the pure and certain administration of justice."

7. There is evidence sufficient to support the finding of the jury, and the judgment is.

*Affirmed. Broyles, C. J., and Luke, J., concur.*