## CHESTNUT *et al.* *v.* COBB.

GILBERT, J. This is a suit to cancel a deed, and for a receiver. The jury returned a verdict for the defendant. The court refused a new trial, and the plaintiff excepted. In the motion for new trial it was complained that "a vital issue as made by the pleadings and the evidence in this case was upon the delivery of the deed attacked and sought to be set aside." The court instructed the jury that the only issue in the case is "as to whether or not he [the grantor] had sufficient mental capacity, or whether or not he was in a weakened state of mind and the defendant took advantage of him by persuasion or other means and induced him to make her the deed while in a weakened condition of mind." Movant also complained that the court erred in charging the jury that if the grantor "had sufficient mental capacity to make a deed and did make a deed . . and that he had sufficient mental capacity to make it at the time he did make it, and that he actually delivered it to the defendant when it was made, turned it into her possession, I charge you that that would pass title out of him; and even though he may have gone and gotten the deed afterwards, that would not put the title back in him; the title is out of him and could not be gotten back in him except in a legal way, that is, actual delivery in law; and when a person makes a deed to property conveying his right away, he then has no title or interest in that property, and if

---

Appeal and Error, 3 C. J. p. 978, n. 36; p. 1379, n. 71.

Deeds, 18 C. J. p. 407, n. 83; p. 443, n. 19.

Trial, 38 Cyc. p. 1651, n. 83.

it is delivered, that passes title, and taking it back, even though she delivered it back to him and he kept it until his death, if it appears that he was mentally capacitated at the time he made the deed, or even if you believe that he was in a feeble state of mind and had sufficient mental capacity to know what he wanted to do with his property and did what he wanted to do with it, uninfluenced by the defendant in this case, then the deed would be good if he executed and delivered it." It is contended that the charge assumed the fact of delivery; that it was an expression of opinion; that it was not a full and fair statement and presentation of the law on the subject of delivery of deeds as applicable to this case; that the issues in the case were not fully and fairly submitted to the jury in the charge; that the charge as a whole eliminated from the case and from the consideration of the jury the vital issue and contention of the plaintiff, and was not properly adjusted to the facts and the law in the case; and that it did not fully and fairly present the plaintiff's contentions, and unduly stressed and emphasized the contentions of the defendant. Another ground of the motion assigned error on the admission in evidence, over the plaintiff's objections, of the record of the former suit brought by some of the heirs of S. J. Winkles against Mrs. S. J. Winkles, Mrs. Vaughn, and Mrs. Cobb. *Held:*

1. Under the pleadings and the evidence, the criticisms of the charge are not justified. The delivery of the deed was established without conflict in evidence; and the fact that the grantor afterwards requested that the deed be delivered back to him, and the grantee complied, does not invalidate the conveyance.

2. The charge does not, as contended, amount to an expression of opinion as to what had been proved, and was not erroneous as contended.

3. The complaint that the charge was not full and fair, did not fully and fairly submit the issues, and was not properly adjusted to the facts, without stating wherein the charge was subject to this criticism, does not present any question for decision by this court.

4. A ground of a motion for a new trial complaining of admission of evidence over the plaintiff's objections, without stating what objections were made at the time the evidence was offered, and, at least in substance, what the evidence was, presents no question for decision by this court.

5. The evidence supports the verdict.

                    *Judgment affirmed. All the Justices concur.*

          *Smith & Watson* and *W. K. Fielder,* for plaintiffs.

*Griffith & Matthews* and *Mundy & Watkins,* for defendant.