## MILLER *v.* THE STATE.

HINES, J. 1. Declarations of a witness, after trial, at variance with his sworn testimony, even when made under oath, and explicitly asserting that his testimony on the trial was false, do not constitute cause for grant of a new trial. *Clark* v. *State,* 117 *Ga.* 254 (8) (43 S. E. 853); *Jordan* v. *State,* 124 *Ga.* 417 (52 S. E. 768); *Smith* v. *State,* 148 *Ga.* 322 (2) (96 S. E. 632); *Johnson* v. *State,* 149 *Ga.* 214 (99 S. E. 609); *Wilson* v. *State,* 15 *Ga. App.* 632 (84 S. E. 81); *Morgan* v. *State,* 16 *Ga. App.* 559 (85 S. E. 827).

(*a*) Much less will proof of declarations made by a witness for the State, at variance with her sworn testimony, authorize the grant of a new trial.

(*b*) Besides, the State introduced affidavits of the witnesses who were charged with making declarations at variance with their sworn testimony, in which the witnesses deny making such allegations.

2. When a motion for new trial is based upon the ground of newly discovered evidence of witnesses, affidavits as to their residence, associates, means of knowledge, character, and credibility must be adduced. Civil Code, § 6086.

3. Applying the above principles, the trial judge did not err in refusing to grant a new trial upon the ground of alleged newly discovered evidence.

4. In the second special ground of the motion for new trial the defendant complains that the trial judge failed to charge the law applicable to defense of habitation. *Held:*

(a) As there is no assignment of error on this failure of the judge to charge, no question for decision by this court is presented.

(b) An inspection of the charge, however, shows that the trial judge charged the law of self-defense, and the law applicable to the defense of one's habitation. For this reason this ground is without merit, even if error had been properly assigned upon the failure of the judge to charge upon this subject.

5. In the third special ground the defendant asserts that the evidence authorized a charge upon the right of one to defend his habitation, and that the failure of the trial judge to instruct the jury upon this subject is reversible error. The trial judge having charged the law upon this subject, this ground is without merit. If the defendant desired fuller instructions thereon, he should have presented an appropriate and timely request.

6. In the fourth ground the defendant alleges that O. A. Smith, a member of the jury who found him guilty, was disqualified to try him, on account of bias and prejudice, in that he stated in the hearing of one J. R. Pollett, to certain persons unknown to Pollett, that he had made up his mind two or three months before the trial that, if he got on the jury, he was going to put the defendant up for life. This ground was based alone on the affidavit of Pollett, who swore to the facts above stated. The juror, in an affidavit, deposed that at the time of his selection as a juror and before the trial of the case, his mind was open and it was only after hearing the evidence that he had any opinion as to the guilt or innocence of the defendant. Besides, there were no affidavits supporting the character and credibility of the witness Pollett. Under these circumstances, the trial judge did not err in refusing to grant a new trial on this ground. The trial judge occupies the place of a trior, and his finding that this juror was competent will not be reversed unless, under all the facts, his discretion was manifestly abused, which does not appear. *Hall* v. *State*, 124 *Ga.* 649 (52 S. E. 891); *McKie* v. *State*, 165 *Ga.* 210 (10) (140 S. E. 625). Where a juror who tried the case denied under oath that he had made a statement contained in an affidavit of a witness for the defendant, which indicated bias or prejudice against the defendant, there should be the affidavits of at least two witnesses to such statement, or what is equivalent thereto, against such oath of the juror; otherwise it is but oath against oath, and the verdict will not be set aside on the ground of the incompetency of the juror. *Coggeshall* v. *Park*, 162 *Ga.* 78 (3) (132 S. E. 632).

7. In the fifth ground the defendant avers that he is entitled to a new trial because his case was tried at the next court after the alleged crime was committed, that the Coates women and the Jenkins woman, all of whom were sworn in behalf of the State, had been in jail, that he had been away in another jail, was poor, had no money that he could command, that he had some land which he put up as security to employ counsel, and put it where he thought it would help him, but he put it in the hands of parties who wanted him put out of the way and who did not wish him defended, and who refused to have him defended, as is shown by his newly discovered evidence, that he is dying with consumption, that he is confined in jail for a crime which he can show that he did not commit, that he had no fair chance at the trial of his case, as the father of the deceased, who was prosecutor, had a number of attorneys, when he had really none, in consequence of which, and on account of the bias and prejudice of the juror hereinbefore referred to, and on account of the ill repute of the witnesses against him, he will be deprived of his liberty without due process of law. This ground of the motion is wholly without any merit.

8 The verdict is supported by the evidence.

*Judgment affirmed. All the Justices concur.*

RUSSELL, C. J., and Atkinson and Hill, JJ., concur in the result, but not in all that is said in the 6th division. If the juror did not make the statement attributed to him, he should have specifically denied it; but the omission to do so will not require a new trial, where the character of the witness making the charge was not supported by any witness. Civil Code, § 6086.

No. 6687. AUGUST 15, 1928.

Murder. Before Judge Graham. Treutlen superior court. May 19, 1928.

*William B. Kent,* for plaintiff in error.

*George M. Napier, attorney-general, M. H. Boyer, solicitor-general,* and *T. R. Gress, assistant attorney-general,* contra.