19909. HOME INSURANCE COMPANY OF NEW YORK *v.* LOFLIN.

BLOODWORTH, J. This case grew out of the same suit as did the case of *Loflin* v. *Home Ins. Co.,* reported in 40 *Ga. App.* 246 (149 S. E. 308). In that case this court held: "Where a policy of fire-insurance provides that it insures for a term of five years in consideration of the payment by the insured of a part of the premium in cash and the balance in four equal yearly installments, evidenced by an installment note, there arises a contract of insurance for an entire period of five years. *Fireman's Fund Ins. Co.* v. *Lindsey,* 32 *Ga. App.* 683 (124 S. E. 369). The contention by the plaintiff in error in the instant case, that the cash payment made by him when the policy was issued was not for the first year's premium, and that the four installment notes covered the premiums for the remaining four years, is without merit."

1. Where the policy of fire-insurance provides that "it shall be cancelled at any time at the request of the insured," and the policy is returned by the insured to the insurer or authorized agent with a request that it be cancelled, "or even if an unequivocal request for cancellation is made without surrendering the policy, the policy is ipso facto canceled without any affirmative act on the part of insurer." 26 C. J. 146, § 173. The foregoing rulings are controlling in this case, and the court did not err in overruling the demurrer to the defendant's plea.

2. "Declarations of a witness, after trial, at variance with his sworn testimony, even when made under oath, and explicitly asserting that his testimony on the trial was false do not constitute cause for grant of a new trial. *Clark* v. *State,* 117 *Ga.* 254 (8) (43 S. E. 853); *Jordan* v. *State,* 124 *Ga.* 417 (52 S. E. 768); *Smith* v. *State,* 148 *Ga.* 332 (2) (96 S. E. 632); *Johnson* v. *State,* 149 *Ga.* 214 (99 S. E. 609); *Wilson* v. *State,* 15 *Ga. App.* 632 (84 S. E. 81); *Morgan* v. *State,* 16 *Ga. App.* 559 (85 S. E. 827)." *Miller* v. *State,* 166 *Ga.* 698 (144 S. E. 254). See also *Burris* v. *State,* 17 *Ga. App.* 331 (86 S. E. 739). The ruling in the foregoing cases disposes of the first special ground of the motion for a new trial, which is based upon alleged newly discovered evidence.

3. Special ground 2 of the motion for a new trial is not complete within

itself. It does not show in what way the charge complained of "was contrary to law and was entirely incorrect." *Chestnut* v. *Cobb*, 163 *Ga.* 88 (3) (135 S. E. 433); *Riddle* v. *Sheppard*, 119 *Ga.* 930 (3) (47 S. E. 201); *Callaway* v. *Pearson*, 21 *Ga. App.* 565 (94 S. E. 817).

4. Special ground 3 of the motion for a new trial is not erroneous for any reason assigned. Moreover, under the ruling in the case of *Loflin* v. *Home Ins. Co.*, supra, there is no merit in this ground or the preceding ground of the motion.

5. Special ground 4 of the motion is too general for consideration.

6. The evidence authorized the verdict in favor of the plaintiff for $58.10, with interest and attorney's fees.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED APRIL 16, 1930. REHEARING DENIED MAY 13, 1930.

*L. E. Thompson,* for plaintiff. *B. W. Fortson,* for defendant.