22203.  MUSE *v.* INTERSTATE LIFE & ACCIDENT CO.

DECIDED OCTOBER 15, 1932.

*Porter & Mebane,* for plaintiff.
*Maddox, Matthews & Owens,* for defendant.

SUTTON, J.  The Interstate Life & Accident Company issued a policy of life-insurance to Ralph Fields, the beneficiary of which was Lillie Belle Muse.  The insured died as a result of a pistol or revolver-shot wound.  The company refused payment, on the ground that the policy provided that "No benefits will be paid for . . death resulting . . from any . . gunshot or stab wounds."  The beneficiary filed suit against the company on the policy.  The case was submitted to the court for determination without the intervention of a jury, the sole question being whether or not death by a pistol or revolver-shot wound was within the above clause of the policy.  The trial judge held that it was, and entered judgment in favor of the company.  A motion for a new trial was made by the beneficiary, and was overruled, and to this judgment she excepted.

1. As defined by the following authorities, a "gun" is a metal tube for firing projectiles by the force of gunpowder or other explosives, together with its stock, carriage, or other attachments. When it is mounted on a carriage it is called a cannon, and when it is mounted on a stock requiring the use of both hands it is commonly called a rifle, musket, carbine, or fowling piece. It is also called a pistol or revolver. A pistol is a small firearm, usually mounted on a handgrip, which can be fired with one hand. As used in common parlance, the word "gun" is used interchangeably with the word pistol. Funk & Wagnalls New Standard Dictionary, 1092; Webster's New International Dictionary, 962; 12 Enc. Brit. 717; *Norwood* v. *State,* 28 *Ga. App.* 238 (111 S. E. 59) ; *Hill* v. *State,* 147 *Ga.* 650 (95 S. E. 213) ; State *v.* Barrington, 198 Mo. 23 (95 S. W. 235) ; Witty *v.* State, 75 Tex. Cr. 440 (171 S. W. 229 (11) ; State *v.* Christ, 189 Iowa, 474 (177 N. W. 54, 57).

2. The words "gunshot . . wounds," as used in the above provision of the policy of insurance in this case, include a wound produced by a pistol or revolver shot, and the trial court properly so held, and did not err in overruling the motion for new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*