27244.   MOORE v. THE STATE.

Decided February 16, 1939.

*G. W. Westmoreland, J. B. G. Logan,* for plaintiff in error.
*Frank Simpson, solicitor-general, E. C. Stark, E. J. Clower,* contra.

MacIntyre, J. On the original trial two witnesses, Bertie Wilbanks and Miss Molene McDonald Hayes, testified that the defendant shot the deceased, and on the hearing of the extraordinary motion for new trial the movant introduced the affidavits of both of these witnesses who swore that the defendant did not shoot as they had previously sworn, and that he had had nothing to do with the riot that went on when J. Kitchens was shot. The solicitor-general made a counter-showing, and introduced affidavits of these two witnesses, signed subsequently to the aforementioned affidavits, in which they stated that they did not understand what they were signing when they signed the former affidavits, and that what they testified on the trial was the truth. In such a situation it is quite evident that the law, relative to the extraordinary motion for new trial, must fix some tribunal who is to decide this question of fact as to which time the witnesses were testifying to the truth, and the law, in fixing this tribunal, places this duty upon the trial judge and says, " 'the trial judge is the trior of the facts, and it is his province to determine the credibility of the conflicting facts and contradictory witnesses;' and his discretion 'in refusing a new trial on the ground of newly discovered evidence will not be controlled unless manifestly abused.' " *Bailey* v. *State,* 47 *Ga. App.* 856 (1) (171 S. E. 874). In fixing one of the rules that should guide the judge in this matter, the legislature in 1833 enacted a law which is now codified in Code, § 110-706, as follows: "Any judgment, verdict, rule, or order of court, which may have been obtained or entered up, shall be set aside and be of no effect, if it shall appear that the same was entered up in consequence of corrupt and wilful perjury; and it shall be the duty of the court in which such verdict,

judgment, rule, or order was obtained or entered up to cause the same to be set aside upon motion and notice to the adverse party; but it shall not be lawful for the said court to do so, unless the person charged with such perjury shall have been thereof duly convicted, and unless it shall appear to the said court that the said verdict, judgment, rule, or order could not have been obtained and entered up without the evidence of such perjured person. . ." Afterwards, in 1876, in discussing a case in which the newly discovered evidence tended only to impeach a witness, the supreme court, in the case of *Felton* v. *State, 56 Ga.* 84 (3), said: "The newly discovered evidence consists entirely in sayings of the witness, the girl, *after the trial.* A new trial should not have been granted on them for two reasons: first, because they go to impeach her evidence only, and secondly, because they were spoken after the trial. If the principle were once establishd that proof of such sayings so spoken would set aside a verdict, and open the case again, verdicts would cease to stand, and crime would go always unpunished, for it would be easy, for love or money, to get some witness to say something contradictory to his evidence on the trial." Our Court of Appeals in *Hayes* v. *State, 16 Ga. App.* 334 (2) (85 S. E. 253) has said: "It is well settled that evidence that a witness for the State made declarations since the trial that his testimony given upon the trial was false is not cause for a new trial, even though the declarations be made under oath (*Clark* v. *State,* 117 *Ga.* 254, 43 S. E. 853; *Jordan* v. *State,* 124 *Ga.* 417, 52 S. E. 768); and newly discovered evidence which merely goes to the credit of a witness, even though he be the sole witness upon whose evidence the verdict was returned, is not cause for a new trial. *Hunt* v. *State, 81 Ga.* 140 (5), 143 (7 S. E. 142)." In *Jordan* v. *State,* supra, the Supreme Court, upon review of *Felton* v. *State,* supra, and other former decisions which had in effect decided the same principles, reaffirmed them and stated that the rule stated in these decisions, "that evidence that one of the State's witnesses, since the trial, has made declarations, even though under oath, that his testimony given upon the trial was false, is not cause for a new trial," is correct.

Counsel for the plaintiff in error, in his brief, states: "In the light of this testimony [that witnesses had made affidavits that they had testified falsely upon the trial], will this court stand helpless

and hold itself helpless simply because, as above stated, the perjurers have not been convicted? If a thing is false, it is false, and justice can not be based thereon, and the courts, the pillars of our democracy, allowing its decrees to stand based upon false testimony naturally brings its labors to scorn by all righteous thinking people. Therefore, whether this extraordinary motion is granted or not, in the name of honor, justice, and right, do not predicate the decree rendered in the case making the distinction between testimony given by self-confessed perjurers mean one thing, and that same evidence would mean another thing, providing that perjurer was convicted. *Let perjury be perjury wherever it is found."* Let us ask who is to legally determine where and when perjury has been "found"? Only the tribunal designated by the law. The law does not vest the witness with the power to determine where (on what occasion) his contradictory testimony was perjury, for, after trial, it would not only affect his rights but would also affect the rights of third parties. He may testify on the occasion of an investigation by the court as to which of his contradictory statements, delivered at different places, is true, and the trial judge is the trior who must determine whether there are sufficient facts proved to authorize the reopening or retrial of a case already judicially determined by a solemn verdict and judgment. The courts alone are authorized to legally "find" there was perjury, if and where it existed. Should this court give less weight to the finding of a judge acting as a trior of facts that it does to the finding of a witness sitting, if you please, as a judge on himself and who announces his judgment in the form of a confession? Of course not. The law itself says that "confession of guilt shall be received with great caution. A confession alone, uncorroborated by any other evidence, shall not justify a conviction." Code, § 38-420. By reading § 110-706 it will be seen that under certain phases of a case it might operate in favor of a defendant, for irrespective of what the trial judge might think as to whether a new trial should be granted on an extraordinary motion, if it shall appear that the verdict was entered up in consequence of corrupt and wilful perjury, and the person or persons charged with such perjury shall have been duly convicted thereof, the verdict should be set aside, unless it shall appear to the court that the verdict or judgment could not have been obtained and entered up without the evidence of such perjured person, or persons.

The plaintiff in error in his brief says: "I am unable to get a distinction for the reason for holding that the testimony of a self-convicted perjurer is better testimony than one convicted of perjury." The answer lies in this: who is to determine whether a witness perjures himself by swearing falsely upon the trial or whether he perjured himself when he made a subsequent affidavit that his testimony on the trial was not true but that the contrary facts, as stated in his affidavit, were the truth of the matter? In short, should the determination of this matter by the trial judge yield to the determination of the matter by the witness? The answer is obvious. The witnesses themselves, whoever they may be, are not the legal judges of when any testimony delivered on the original trial, or on an extraordinary motion for a new trial, is true, even though the testimony in controversy be their own testimony and be contradictory on two occasions, but the laws of our land have put this responsibility upon the judges and the courts, and have laid down certain rules which they are to follow in determining this matter.

This case is a very good illustration of the soundness of this rule. Two of the witnesses have sworn one way on the trial, afterwards they made affidavits that they swore falsely on the trial, and then made subsequent affidavits that the original affidavits were false and that the original testimony was true. In justice to the State and to the defendant, some tribunal must be designated to determine the truth or falsity of witnesses' testimony. Thus we think that the rule laid down by the Court of Appeals, speaking through Judge Russell, in *Morgan* v. *State,* 16 *Ga. App.* 559 (85 S. E. 827), that "The credibility of the witnesses whose testimony (alleged to be newly discovered) constitutes the basis of an extraordinary motion for a new trial is a matter addressed exclusively to the trial judge, and it can not be said that in refusing a new trial in the present case the trial judge abused his discretion, since the strongest evidence adduced consisted of an affidavit of the prosecuting witness in which he asserted that his testimony on trial was false. *Jordan* v. *State,* 124 *Ga.* 417 (52 S. E. 768), and cases cited. A new trial should not be granted solely upon the ground that the accused was convicted upon false testimony, unless the falsity of the testimony has been established by a conviction for perjury of the witness delivering such testimony. Civil Code, §

"5961," is in accordance with the rule which has been uniformly followed by the Supreme Court and this court, at least since the passage of the act of 1833, now incorporated in Code, § 110-706, and is binding upon us. This ground of the extraordinary motion raised the question that two witnesses were, in one set of affidavits, disputing their testimony on the trial, and in a subsequent set of affidavits were sustaining their testimony on the trial. This made an issue of fact, and the judge, as the trior, found in favor of the State, and, in so doing, we can not say that he abused his discretion. *Wheeler* v. *Gass,* 141 *Ga.* 559 (81 S. E. 866).

Ed Nix having made an affidavit as to alleged newly discovered evidence, and also having made a second affidavit wherein the material statements made in the first were repudiated, the failure of the court to grant a new trial was not an abuse of discretion. See in this connection, *Hall* v. *State,* 117 *Ga.* 263 (43 S. E. 718). The other affidavit submitted in connection with the extraordinary motion, alleged facts which were merely cumulative. The judge did not abuse his discretion in finding that the newly discovered evidence was cumulative and would not probably produce a different verdict on a new trial.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*